CHRISTOPHER WARD, CA Bar No. 238777
 cward@foley.com
ARCHANA A. MANWANI, CA Bar No. 272989
 amanwani@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE:  213.486.0065

SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
 sabarbanel@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE:  415.434.4507

Attorneys for Defendant MENZIES AVIATION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renaldo Navarro, | Case No. 3:19-cv-8157 |
| Plaintiff, | **DEFENDANT MENZIES AVIATION, INC.'S NOTICE OF REMOVAL OF ACTION UNDER U.S.C. § 1332 (DIVERSITY OF CITIZENSHIP)** |
| vs. | |
| Menzies Aviation, Inc., DOING BUSINESS AS MENZIES; and DOES 1 through 10, inclusive, | Filed concurrently with:<br>(i)  Declaration of Christopher Ward,<br>(ii) Certification of Interested Entities and Parties<br>(iii) Civil Case Cover Sheet |
| Defendants. | |
| | State Court Action Filed:  10/23/19 |
| | Action Removed:  December 16, 2019 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that Defendant Menzies Aviation, Inc. ("Menzies"), pursuant to 28 U.S.C. § 1332, hereby invokes this Court's jurisdiction and removes the above-captioned case, pending in Superior Court for the State of California, County of San Francisco (the "Superior Court"), Case No. CGC-19-580227, to the United States District Court for the Northern District of California, on the following grounds:

## I.  RELEVANT PROCEDURAL HISTORY

1. Plaintiff Renaldo Navarro ("Plaintiff") commenced this Action on or about October 23, 2019 by filing a Complaint in the Superior Court for the State of California, County of San Francisco, entitled *Renaldo Navarro v. Menzies Aviation, Inc., doing business as Menzies and Does 1 through 10, inclusive*, Case No. CGC-19-580227 (the "Action").

2. Plaintiff served Menzies on November 20, 2019 via personal service. [Declaration of Christopher Ward ("Ward Decl.") at ¶ 4.] A true and correct copy of the Summons, Complaint and all other process and pleadings in this matter are attached as Exhibit A ("Ex. A") to the Ward Declaration and incorporated herein by reference.

3. Plaintiff's Complaint alleges causes of action accruing in the State of California for discrimination and retaliation under the California Fair Employment and Housing Act, wrongful termination in violation of public policy, and intentional infliction of emotional distress.

## II.  COMPLETE DIVERSITY EXISTS

4. Plaintiff states in his Complaint that he "worked for Defendants [sic] at 1601 Old Bayshore Hwy, Burlingame." [Ward Decl., Ex. A (Complaint) at ¶ 8.] A review of Plaintiff's employment documents shows that at the time of his employment with Menzies, Plaintiff was residing in San Mateo County, California. [Ward Decl. at ¶ 7.] For purposes of assessing diversity jurisdiction, Plaintiff is a citizen of the State of California. *See Kantor v. Wellesley Galleries, Ltd.*, 704 f. 2d. 1088, 1090 (9th Cir. 1983) (holding that for diversity purposes, a person is a citizen of the state in which he is domiciled).

5. Plaintiff admits that Menzies is a Delaware corporation. [Ward Decl., Ex. A (Complaint)

at ¶ 2.] Menzies is headquartered in Fort Worth, Texas. [Ward Decl. at ¶ 2.] For the purposes of diversity of citizenship, Menzies is a citizen of both Delaware and Texas. 28 U.S.C. § 1332(c)(1) (for purposes of diversity of citizenship, a corporation is a citizen of every state or foreign country where it is incorporated and where it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding principal place of business for purposes of citizenship "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

6. Because Plaintiff is a citizen of California and Menzies is a citizen of Delaware and Texas, complete diversity of Citizenship exists in this matter and there are no non-diverse defendants that would preclude jurisdiction pursuant to 28 U.S.C. § 1441(b).

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

7. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff subsequently contests or challenges the amount in controversy, only then is the defendant is required to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id*. at 87-89.

8. While Menzies denies the allegations in Plaintiff's Complaint, both specifically and generally, including denying that Plaintiff actually suffered or will be entitled to any damages, from the face of the Complaint, the amount in controversy in this action exceeds $75,000.00, exclusive of interests and costs.

9. Plaintiff alleges that he was discriminated against, retaliated against and wrongfully terminated, and was subject to intentional infliction of emotional distress. [*See generally* Ward Decl., Ex. A (Complaint).] He seeks compensatory, consequential, statutory, emotional distress, and punitive damages for these claims. [*Id.*]

10. The aggregate of these alleged damages and attorney's fees will far exceed $75,000.00. Specifically:

  a. Plaintiff alleges he is owed lost wages and earnings under his claims of discrimination, retaliation, and wrongful termination. During the time that he was working for Menzies, Plaintiff earned wages of $23.16 per hour for regular full-time hours (and $34.74 per hour for overtime

hours). [Ward Decl. at ¶ 8.] Plaintiff alleges his employment with Menzies ended in August 2018 and that he typically worked eight-hour shifts, five days a week [Ward Decl., Ex. A (Complaint) at ¶¶ 13, 16-17], such that his claim for lost straight time wages alone, as of the date of removal, exclusive of any interest or expected overtime hours, amounts to approximately $59,000. [Ward Decl. at ¶ 8.] Additionally, a review of Plaintiff's records shows that over the year prior to Plaintiff's employment with Menzies ended, he worked on average approximately 20-25 hours of overtime per pay period. [*Id.*] A reasonable estimate of Plaintiff's overtime wages in this period, exclusive of any interest is approximately $24,000, making Plaintiff's actual claim for lost wages, as of the time of this removal, approximately **$83,000**. [*Id.*] Assuming a trial date sometime in December 2020, an estimate of Plaintiff's claim for lost wages alone, from the date of his alleged termination through the time of trial, amounts to approximately **$150,750.80** [*Id.*]

   b. Plaintiff alleges that the conduct of Menzies caused him "intangible loss of such employment-related opportunities such as experience in the positions held and sought by Plaintiff, and additional amounts of money Plaintiff would have received if Plaintiff had been properly promoted, received proper wage increases, and increased hours of work." [*See e.g.* Ward Decl., Ex. A (Complaint) at ¶ 47.] The amount of such demands are unknown, but would further increase the estimates set forth above.

   c. Plaintiff also alleges that the conduct of Menzies caused him to suffer "great mental pain, embarrassment, humiliation, distress, anguish and suffering…." [See e.g. Ward Decl., Ex. A (Complaint) at ¶ 63.] The amount of such emotional distress damages are unknown, but based on Plaintiff's allegations, such damages are not nominal in character.

   d. Plaintiff also seeks punitive damages, which California courts have indicated, conservatively, may be two to three times the amount of compensatory damages. *See e.g. Bankhead v. ArvinMeritor, Inc.*, 205 Cal. App. 4th 68 (2012) (approving $4.5 million in punitive damages following a $1.85 award for compensatory damages); *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999 (2012) (approving $2.4 million in punitive damages following a jury award of $804,000 in compensatory damages). Applying a conservative 2:1 ratio, Plaintiff's claim for punitive damages, based on his claim for lost and future wages alone, amounts to approximately $301,501.60

($150,750.80 x 2).

      e.    Based on such broad allegations and demands for damages, it is reasonable to estimate that the amount in controversy far exceeds $75,000.00.  In fact, the total amount estimated herein, which excludes interest, attorneys' fees and costs, any damages related to Plaintiff's claims for pain and suffering, is **$452,252.40** (150,750.80 + 301,501.60).

### IV.   THIS NOTICE OF REMOVAL IS TIMELY

11.    This Notice of Removal is being filed within thirty (30) days after Plaintiff served Defendant with the Complaint on November 20, 2019.  This removal is also made within one year of Plaintiff's filing his Complaint.  Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b) and (c).

### V.   CONCLUSION

12.    Because Plaintiff and Menzies are citizens of different states and the amount in controversy is greater than $75,000.00, this Court has original jurisdiction over all causes of action alleged in this matter pursuant to the provisions of 28 U.S.C. § 1332 and the entire action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

13.    Menzies believes that the documents contained in Exhibit A to the Ward Declaration comprise the complete record of filings made in the San Francisco County Superior Court.

14.    Pursuant to 28 U.S.C. § 1446(d), Menzies is filing written notice of this removal with the clerk of the Superior Court for the State of California, San Francisco County.  Copies of the Notice of Removal are also being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

15.    This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, and personal jurisdiction.  No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

WHEREFORE, Defendant Menzies Aviation, Inc. pray that the Action be removed from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California, and for such further relief as may be just and proper, and that this Court accept jurisdiction of the Action and henceforth that the Action be placed on the docket of this Court for further proceedings, the same as though the Action had originally been instituted in this

1 | Court.

DATED: December 16, 2019

**FOLEY & LARDNER LLP**
Christopher Ward
Archana A. Manwani
Sara Alexis Levine Abarbanel


   */s/ Christopher Ward*
CHRISTOPHER WARD
Attorneys for Defendant MENZIES AVIATION, INC.

DEFENDANT MENZIES AVIATION, INC.'S NOTICE OF REMOVAL
-5-
Case No. 3:19-cv-8157

4842-9381-2910.2