CHRISTOPHER WARD, CA Bar No. 238777
    cward@foley.com
ARCHANA A. MANWANI, CA Bar No. 272989
    amanwani@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
    sabarbanel@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:   415.434.4507

Attorneys for Defendant MENZIES
AVIATION, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO,<br><br>                    Plaintiff,<br><br>vs.<br><br>MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 3:19-cv-8157<br><br>**DECLARATION OF CHRISTOPHER G. WARD IN SUPPORT OF DEFENDANT MENZIES AVIATION, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER U.S.C. § 1332 (DIVERSITY OF CITIZENSHIP)**<br><br>Filed concurrently with:<br>   (i)    Notice of Removal<br>   (ii)   Certification and Notice of Interested Parties, and<br>   (iii)  Civil Case Cover Sheet<br><br>State Court Action Filed:  10/23/19<br><br>Action Removed:  December 16, 2019 |

# DECLARATION OF CHRISTOPHER WARD

I, Christopher Ward, declare as follows:

1. I am an attorney admitted to practice before all courts in the States of California and Illinois, am a partner at Foley & Lardner LLP, and serve as counsel of record for Menzies Aviation, Inc. ("Menzies"). I have personal knowledge of the facts contained in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2. I have represented Menzies since 2006 and am therefore very familiar with its organizational structure within the United States and the locations from which its U.S. leadership perform their work. Menzies Aviation is headquartered in Fort Worth, Texas adjacent to Dallas-Ft. Worth International Airport ("DFW"). I have made multiple trips to Menzies' headquarters at DFW during the course of my representation of the company. Menzies' high level officers work at the DFW headquarters, and direct, control and coordinate the companies' activities from DFW. Menzies Aviation, Inc. is incorporated in Delaware.

3. I have been retained to defend Defendant Menzies Aviation, Inc. ("Menzies") in the matter captioned *Renaldo Navarro v. Menzies Aviation, Inc., doing business as Menzies and Does 1 through 10, inclusive*, Case No. CGC-19-580227, originally filed in the Superior Court for the State of California, County of San Francisco ("Superior Court") on October 23, 2019 (the "Action").

4. Menzies notified me that its agent for service of process received a copy of the Complaint on November 20, 2019. I have reviewed and am familiar with the facts as alleged in the Complaint that were filed in this Action by Plaintiff Renaldo Navarro ("Plaintiff") in the Superior Court. I am also familiar with the procedural posture of this Action. True and correct copies of the Complaint filed with the Superior Court for the State of California, County of San Francisco, Case No. CGC-19-580227, is attached hereto as **Exhibit A**.

5. Menzies will be filing with the Clerk of the Superior Court a Notice to State Court and Adverse Parties of Removal, together with a copy of this Notice of Removal and supporting documents, and will serve copies of the same upon Plaintiff, pursuant to 28 U.S.C. § 1446(d).

6. The Action as filed in the Superior Court is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)-(b), because the matter in controversy as reasonably

alleged in the Complaint exceeds the value of $75,000, exclusive of interest and costs and all parties are citizens of different States.

7. In preparing the Notice of Removal, I reviewed Plaintiff's personnel file, which demonstrated that while employed by Menzies at its SFO location, Plaintiff performed duties in Burlingame, California, and all address information in Menzies' records indicates his residence in San Mateo County, California.

8. In preparing the Notice of Removal, I also reviewed Plaintiff's earnings records, which indicate that during the period of time he was actively working for Menzies, he earned wages of approximately $23.16 per hour for regular full-time hours and $34.74 for overtime hours at the time of his separation from employment. Plaintiff alleges in his Complaint that his employment with Menzies ceased on August 29, 2018. As of the date of this removal, Plaintiff's claim for lost straight time wages alone, as of the date of removal, exclusive of any interest, amounts to approximately $59,000 ($23.16 x 40 hours per week x 64 weeks between 8/29/2018 and 12/16/2019). Additionally, a review of Plaintiff's wage records shows that over the year prior to Plaintiff's employment with Menzies ended, he worked on average 21.675 hours of overtime per pay period. Assuming a similar average of overtime, a reasonable estimate of Plaintiff's overtime wages in this period, exclusive of any interest is approximately $24,000 ($34.74 x 21.675 x 32 pay periods). [*Id.*] Therefore, as of the date of this removal, Plaintiff's claims for lost wages is approximately $83,000. Assuming a trial date sometime in December 2020, an estimate of Plaintiff's claim for lost wages alone, from the date of his alleged termination through the time of trial, exclusive of any interest, amounts to approximately $150,750.80 ($83,000 + $48,172.80 [52 additional weeks of pay at $23.16 per hour] + $19,578 [26 additional pay periods of overtime]).

I declare under penalty of perjury under the laws of the States of California and Illinois and the laws of the United States that the foregoing is true and correct.

Executed on December 16, 2019 at Chicago Illinois.

*/s/ Christopher G. Ward*
CHRISTOPHER G. WARD