# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MENZIES AVIATION, INC., doing business as MENZIES and DOES
1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RENALDO NAVARRO

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)*  San Francisco County Superior Court
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso)*
CGC-19-580227

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arlo Garcia Uriarte, Liberation Law Group, P.C., 2760 Mission Street, San Francisco, CA 94110

DATE: OCT 23 2019    **Clerk of the Court**    Clerk, by _____ , Deputy
*(Fecha)*                                        *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

ANGELICA SUNGA

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  Arlo García Uriarte, SBN 231764
2  Ernesto Sánchez, SBN 278006
   Un Kei WU, SBN 270058
3  Daniel P. Iannitelli, SBN 203388
   LIBERATION LAW GROUP, P.C.
4  2760 Mission Street
   San Francisco, CA 94110
5  Telephone: (415) 695-1000
6  Facsimile: (415) 695-1006

7  Attorneys for PLAINTIFF
8  **RENALDO NAVARRO**

**F I L E D**

San Francisco County Superior Court

OCT 2 3 2019

CLERK OF THE COURT
By: _____
**ANGELICA SUNGA**  Deputy Clerk

9

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **FOR THE COUNTY OF SAN FRANCISCO**

12                    **UNLIMITED JURISDICTION**

13

14

15  RENALDO NAVARRO,                     Case Number: **CGC-19-580227**

16                                       **COMPLAINT**

17          Plaintiff,                   **(1) DISCRIMINATION**
                                         **(2) RETALIATION**
18      vs.                              **(3) WRONGFUL TERMINATION IN**
                                             **VIOLATION OF PUBLIC POLICY**
19  MENZIES AVIATION, INC., doing business as   **(4) INTENTIONAL INFLICTION OF**
20  MENZIES and DOES 1 through 10, inclusive.       **EMOTIONAL DISTRESS**

21          Defendants.                  JURY TRIAL REQUESTED

22

23

24

25

26

27

28

1.    Plaintiff Renaldo Navarro (hereinafter "PLAINTIFF"), hereby alleges as follows:

## I. JURISDICTION & VENUE

2.    Jurisdiction is proper in this court because the alleged damages exceed twenty-five thousand dollars (\$ 25,000.00).

3.    Venue is proper in this Court because, at all relevant times, DEFENDANT Menzies Aviation, Inc., conducted business in San Francisco County and PLAINTIFF was employed and performed service for DEFENDANT Menzies Aviation, Inc., within the County of San Francisco.

## II. PARTIES

4.    PLAINTIFF is an individual.

5.    PLAINTIFF is of Filipino race and Philippines national origin.

6.    PLAINTIFF was a non-exempt employee, employed by DEFENDANTS.

7.    DEFENDANT Menzies Aviation, Inc., is a Delaware corporation that is doing business as Menzies (hereinafter "DEFENDANT MENZIES") which maintains offices and transacts business within the State of California and the City of San Francisco.

8.    PLAINTIFF worked for DEFENDANTS at 1601 Old Bayshore Hwy, Burlingame.

9.    As PLAINTIFFS' employer, DEFENDANT MENZIES exercised direct or indirect control over the wages, hours, and working conditions of PLAINTIFF. PLAINTIFF'S employment is covered by the Industrial Welfare Commission Wage Order No. 9-2001 because he worked in the Transportation Industry ("IWC Wage Order No. 9").

10.    Reference herein to "DEFENDANTS" without other limitation shall include all specifically, and fictitiously named DEFENDANTS, including those individuals who were the officers, directors, and/or managing agents of DEFENDANT MENZIES. Whenever and wherever reference is made in this Complaint to DEFENDANTS, such reference shall include each and every one of these specifically and fictitiously named defendants individually, jointly, and severally.

11.    PLAINTIFF is unaware of the true names and capacities of the DEFENDANTS sued

herein as DOES 1 – 10, inclusive, and therefore sue these DEFENDANTS by such fictitious names pursuant to Code of Civil Procedure Section 474. PLAINTIFF will amend this Complaint to allege their true names and capacities if/when they are ascertained. PLAINTIFF is informed and believes and thereupon alleges that each fictitiously-named defendant is responsible in some manner for the occurrences alleged herein, and that the damages as alleged herein were directly and proximately caused by each such fictitiously-named defendant, and that PLAINTIFF is entitled to the relief requested herein against each such fictitiously-named defendant.

12.     The actions of DEFENDANTS' officers, managers, supervisors, employees, and agents against PLAINTIFF were ratified by DEFENDANTS.  At all relevant times, DEFENDANTS and its officers, managers, supervisors, employees, and agents acted within the course and scope of their employment.

### III. STATEMENT OF FACTS

13.     PLAINTIFF worked for DEFENDANTS from 2005 to August 29, 2018.

14.     PLAINTIFF worked as a supervisor for DEFENDANTS. More specifically, PLAINTIFF supervised approximately twelve (12) to fifteen (15) fuelers at a time. PLAINTIFF'S duties as a supervisor were to dispatch his assigned fuelers to their respective aircrafts so they could load/unload fuel.

15.     PLAINTIFF also had supervisors; they were duty manager John Qualley ("QUALLEY"), operations manager Renil (last name unknown) ("RENIL"), general manager Jeff Cock ("COCK"), and director Raul Vargas ("VARGAS").

16.     PLAINTIFF typically worked five (5) days per week for DEFENDANTS.

17.     PLAINTIFF'S typical schedule had him start work at approximately 11:00 p.m. and stop work at approximately 7:00 a.m.

18.    When PLAINTIFF started his shift, DEFENDANTS' swing shift supervisors would provide the status for the fuelers that would be available for PLAINTIFF'S shift so he could prepare to manage his group.

19.    DEFENDANTS' swing supervisors, those that worked with PLAINTIFF, were July Macapagal ("MACAPAGAL") and Andrew Dodge ("DODGE").

20.    It was common for DODGE to not respond to calls from fuelers because he frequently slept while on-duty. PLAINTIFF received many complaints from his fuelers about DODGE'S unprofessional behavior. DODGE frustrated fuelers because he was unreliable about giving them meal and rest period opportunities, and he was often unavailable to help them troubleshoot problems with flights.

21.    DEFENDANTS did not address DODGE'S behavior after PLAINTIFF complained. PLAINTIFF complained to DEFENDANTS about DODGE repeatedly in 2017. PLAINTIFF issued most of these complaints to RENIL and QUALLEY, but he was ignored.

22.    On or about August 14, 2018, one of PLAINTIFFS' fuelers asked PLAINTIFF to sign a petition formally complaining about DODGE. PLAINTIFF signed the petition because on serval occasions, PLAINTIFF experienced the issues that his fuelers were complaining about. For example, PLAINTIFF, on several occasions, called DODGE but he did not reply to the cellphone because he was sleeping while on-duty.

23.    On or about August 17, 2018, MACAPAGAL showed the petition to VARGAS during a meeting with all the supervisors and managers.

24.    On or about August 23, 2018, VARGAS and the safety manager Kevin (last name unknown) ("KEVIN"), suspended PLAINTIFF for signing the petition.

25.    KEVIN asked PLAINTIFF to write a letter explaining why he signed the petition. PLAINTIFF wrote a letter explaining the reasons for signing the petition. PLAINTIFF experienced the same work situation with DODGE that DEFENDATS's fuelers had. When PLAINTIFF tried to reach DODGE he usually was sleeping.

26.    DEFENDANTS suspended PLAINTIFF one week for signing the petition.

27.    DEFENDANTS did not suspend any other supervisors or employees.

28.    In PLAINTIFF'S experience, DEFENDANTS displayed favoritism for DODGE as a Caucasian supervisor over the Filipino's supervisors like PLAINTIFF. PLAINTIFF and other employees complained several times about DODGE but DEFENDANTS never implemented any corrective action. DEFENDANTS allowed and reinforced DODGE'S unprofessionalism.

29.    On or about August 29, 2018, DEFENDANTS retaliated against PLAINTIFF again and terminated his employment due to his support of the petition complaining about DODGE.

30.    DEFENDANTS suspended, retaliated and terminated PLAINTIFF because of his Filipino race and Philippines national origin.

31.    On or about September 03, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing ("DFEH"). A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

### IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(FEHA Discrimination)*

32.    PLAINTIFF realleges and incorporates by reference the allegations of the paragraphs above.

33.    DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq. (FEHA), in that DEFENDANTS regularly employ five (5) more persons.

34.    DEFENDANTS' discriminatory actions against PLAINTIFF, as alleged above, constituted unlawful in employment on account of PLAINTIFF' race and national origin in violation of Government Code Section 12940(a).

35.    DEFENDANTS and its agents, directors, managers, supervisors, and employees knew or should have known its actions were unwanted and discriminatory.

36.    Despite DEFENDANTS' actual and constructive knowledge of the discriminatory acts against PLAINTIFF and the knowledge of its directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such discrimination from occurring.

37.    As a proximate result of DEFENDANTS' discriminatory actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFFS, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work. As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

38.    As a further proximate result of DEFENDANTS' discriminatory actions against PLAINTIFFS, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body as follows: Anxiety, stress, insomnia, and other maladies. As a result of such discrimination and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

39.    DEFENDANTS' conduct was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

40.    DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, agents, and DOE defendants for which the damages are sought. As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

41.    September 3, 2019, PLAINTIFF received a right to sue notice from the California Department of Fair Employment and Housing ("DFEH"). A copy of this notice is appended hereto, marked "Exhibit A," and is incorporated by this reference as though fully set forth.

## SECOND CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(FEHA Retaliation)*

42.    PLAINTIFF realleges and incorporates by reference the allegations of the paragraphs above.

43.    DEFENDANTS are subject to suit under the California Fair Employment and Housing Act, *Government Code Section 12900 et seq.* (FEHA), in that DEFENDANTS regularly employ five or more persons.

44.    DEFENDANTS' actions against PLAINTIFF, as alleged, constituted unlawful retaliation in employment on account of PLAINTIFF' opposition to DEFENDANTS' discriminatory and hostile workplace practices in violation of Government Code Section 12940(h).

45.    DEFENDANTS and its agents, directors, managers, supervisors, and employees knew or should have known its actions were unwanted and retaliatory because PLAINTIFF complained about them to DEFENDANTS

46.    Despite DEFENDANTS' actual and constructive knowledge of the retaliatory acts against PLAINTIFF and the knowledge of its directors, managers, supervisors, agents, and employees, DEFENDANTS failed to take reasonable, immediate, and appropriate corrective action to stop such retaliation from occurring.

47.    As a proximate result of DEFENDANTS' discriminatory actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions held and sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been properly promoted, received proper wage increases, and increased hours of work.  As a result of such retaliation and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

48.    As a further proximate result of DEFENDANTS' retaliatory actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and have been injured in mind and body as follows: Anxiety, stress, insomnia, and other maladies. As a result of such retaliation and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

49.    DEFENDANTS' conduct was oppressive, malicious, deliberate, willful, and with conscious disregard of the rights of PLAINTIFF.

50.    DEFENDANTS authorized or ratified the wrongful conduct of its managers, employees, agents, and DOE defendants for which the damages are sought. As a result, PLAINTIFF seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future.

### THIRD CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

*(Wrongful Termination in Violation of Public Policy)*

51.    PLAINTIFF realleges and incorporates by reference the allegations of paragraphs above.

52.    It is the public policy of the State of California that an employer may not terminate an employee for exercising the employee's statutory right to complain about poor working conditions, without fear of retaliation or termination. *See,* Labor Code Section 1102.5(a) an 1102.5(b). Furthermore, it is against the public policy of the State of California to discriminate or retaliate against individuals such as PLAINTIFF as described above.

53.    PLAINTIFF complained many times about DODGE because his unprofessional behavior was affecting PLAINTIFF'S work conditions. DEFENDANTS at first ignored these complaints and eventually used them to suspend and terminate PLAINTIFF.

54.    DEFENDANTS intentionally retaliated against PLAINTIFF for signing a support a petition complaining about DODGE unprofessional work behavior.

55.    DEFENDANTS' actions were taken with oppression and in reckless disregard of PLAINTIFF'S rights.

56.    PLAINTIFF is informed and believes that his support and respective sign of the petition, were substantial motivating factors in DEFENDANTS' decisions to terminate PLAINTIFF'S employment

57.    As a proximate result of DEFENDANTS' actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF suffered the loss of wages, salary, benefits, intangible loss of such employment-related opportunities such as experience in the positions sought by PLAINTIFF, and additional amounts of money PLAINTIFF would have received if PLAINTIFF had been not wrongfully terminated, received proper wage increases, and increased hours of work.  As a result of such and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

58.    As a further proximate result of DEFENDANTS' retaliation actions against PLAINTIFF, PLAINTIFF has been harmed in that PLAINTIFF has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows:  Anxiety, stress, and insomnia.  As a result of such harassment and consequent harm, PLAINTIFF has suffered such damages in an amount according to proof.

59.    DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

## FOURTH CAUSE OF ACTION

By PLAINTIFF against DEFENDANTS

(*Intentional Infliction of Emotional Distress*)

60.    PLAINTIFF realleges and incorporates by reference the allegations of paragraphs above.

61.    DEFENDANTS engaged in outrageous conduct towards PLAINTIFF, with the intention to cause, or with reckless disregard for the probability of causing, PLAINTIFF to suffer severe emotional distress.

62.    DEFEDANTS' conduct was a substantial factor in causing PLAINTIFF's severe

emotional distress, discomfort, worry, anxiety, concern, and agitation as the result of DEFENDANTS'S actions against PLAINTIFF.

63.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF was injured in his strength, health, and activity, sustaining shock and injury to her nervous system, all of which has caused and continue to cause plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to his damage in an amount in excess of the minimum subject matter jurisdiction of this Court and according to proof.

64.     As direct and proximate cause of DEFEDANTS' conduct, PLAINTIFF's has suffered and continues to suffer losses in earnings, bonuses, deferred compensation, employment benefits and earning capacity, opportunities for employment advancement, embarrassment, humiliation, mental anguish and distress, all to her damage in excess of the minimum subject matter jurisdiction of this Court and according to proof

65.     DEFENDANTS committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of PLAINTIFF is thus entitled to recover punitive damages from DEFENDANTS in an amount according to proof.

## V. PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court enters judgment in his favor and against DEFENDANTS, as follows:

1.     Compensatory, consequential and statutory damages according to proof.

2.     Punitive damages according to proof,

3.     Emotional distress damages according to proof.

4.     Such other and further relief as the Court deems just and proper.

Dated: October 22, 2019.                    LIBERATION LAW GROUP, P.C.

                                            By: _____
                                                Arlo Garcia Uriarte
                                                Attorneys for PLAINTIFF


## VI. JURY REQUEST

PLAINTIFF request a trial by jury.

Dated: October 22, 2019                     LIBERATION LAW GROUP, P.C.

                                            By: _____
                                                Arlo Garcia Uriarte
                                                Attorneys for PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

September 3, 2019

Arlo Uriarte
2760 Mission St 2nd floor
San Francisco, California 94110

RE:    **Notice to Complainant's Attorney**
DFEH Matter Number: 201909-07431103
Right to Sue: Navarrp / MENZIES AVIATION

Dear Arlo Uriarte:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Renaldo Navarrp                                    DFEH No. 201909-07431103

                              Complainant,

vs.

MENZIES AVIATION
06 N McDonnell Rd,
San Francisco, California 94128

                    Respondents
_____

1. Respondent **MENZIES AVIATION** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Renaldo Navarrp**, resides in the City of **San Francisco** State of **California.**

3. Complainant alleges that on or about **August 29, 2018**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions) and as a result of the discrimination was terminated, laid off, suspended.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, suspended.

**Additional Complaint Details:** The complainant complained of upper Respondent's manager unprofessional behavior of caucasian supervisor. The complainant signed a letter supporting a letter about the supervisor work misconduct. The Respondent's managers asked the complainant to write a letter explaining why he signed the petition. Respondent suspended the complainant one week for signing the petition.

Date Filed: September 3, 2019
Date Amended: September 3, 2019

1  Respondent displayed favoritism for supervisor as a Caucasian supervisor over the
Filipino's supervisors like the complainant.
2  Respondent suspended, retaliated and terminated complainant  because of his
Filipino race and Philippines national origin
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-2-
*Complaint – DFEH No. 201909-07431103*

28
Date Filed: September 3, 2019
Date Amended: September 3, 2019

1 | VERIFICATION

2 | I, **Arlo Uriarte Garcia**, am the **Attorney** in the above-entitled complaint.  I have read
3 | the foregoing complaint and know the contents thereof.   The matters alleged are
based on information and belief, which I believe to be true.

4 | On September 3, 2019, I declare under penalty of perjury under the laws of the State
5 | of California that the foregoing is true and correct.

6 |                                                              **San Francisco California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 |                                         -3-
                        *Complaint – DFEH No. 201909-07431103*

28 | Date Filed: September 3, 2019
Date Amended: September 3, 2019

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Arlo Garcia Uriarte, SBN 231764<br>Liberation Law Group, P.C.<br>2760 Mission Street<br>San Francisco, CA, 94110<br>TELEPHONE NO.: (415) 695-1000    FAX NO.: (415) 695-1006<br>ATTORNEY FOR *(Name)*: RENALDO NAVARRO | **F I L E D**<br>San Francisco County Superior Court<br><br>**OCT 23 2019**<br><br>CLERK OF THE COURT<br>By: ANGELICA SUNGA Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Renaldo Navarro v. Menzies Aviation, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CGC-19-580227 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 23, 2019

Arlo Garcia Uriarte
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**     **MAR-25-2020**

**TIME:**     **10:30AM**

**PLACE:**   **Department 610**
                **400 McAllister Street**
                **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> (SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

1  CHRISTOPHER WARD, CA Bar No. 238777
      cward@foley.com
2  ARCHANA A. MANWANI, CA Bar No. 272989
      amanwani@foley.com
3  FOLEY & LARDNER LLP
   555 SOUTH FLOWER STREET, SUITE 3300
4  LOS ANGELES, CA 90071-2411
   TELEPHONE:  213.972.4500
5  FACSIMILE:    213.486.0065

6  SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
      sabarbanel@foley.com
7  FOLEY & LARDNER LLP
   555 CALIFORNIA STREET, SUITE 1700
8  SAN FRANCISCO, CA 94104-1520
   TELEPHONE:  415.434.4484
9  FACSIMILE:    415.434.4507

10  Attorneys for Defendant MENZIES AVIATION,
    INC.

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                 FOR THE COUNTY OF SAN FRANCISCO

13

14  RENALDO NAVARRO,                        ) CASE NO:  CGC-19-580227
                                            )
15              PLAINTIFF,                   ) DEFENDANT MENZIES AVIATION, INC.'S
                                            ) ANSWER TO PLAINTIFF'S UNVERIFIED
16      v.                                  ) COMPLAINT
                                            )
17  MENZIES AVIATION, INC., DOING BUSINESS AS )
18  MENZIES; AND DOES 1 THROUGH 10, INCLUSIVE, ) CASE FILED: OCTOBER 23, 2019
                                            )
19              DEFENDANTS.                  )
                                            )
20                                          )
                                            )
21                                          )
                                            )
22                                          )
                                            )
23

24

25

26

27

28

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

12/13/2019
Clerk of the Court
BY: ANGELICA SUNGA
Deputy Clerk

Defendant Menzies Aviation Inc. doing business as Menzies ("Defendant") hereby answers Plaintiff Renaldo Navarro's ("Plaintiff") Complaint ("Complaint") filed on October 23, 2019, as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically, conjunctively and disjunctively, each and every allegation of the Complaint, including, but not limited to, each and every purported cause of action contained therein (including denying the existence of each and every element of each and every cause of action).

Further answering the Complaint, and the whole thereof, Defendant denies that Plaintiff has sustained any injury, damage, or loss, if any, by reason of any act or omission of Defendant.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following separate and distinct affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     The Complaint, and each and every purported cause of action set forth therein alleged against Defendant, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     Plaintiff's purported claims are barred by applicable statutes of limitations, including but not limited to Common law, California Government Code section 12900, et seq., and California Code of Civil Procedure sections 335 through 349 (including but not limited to sections 338 and 340).

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3.     Plaintiff failed to meet his burden, inasmuch as he has had and continues to have the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this litigation, and he has failed and requested to mitigate the damages.

///

4824-3979-1790.1

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

4.      Plaintiff's purported causes of action are barred as Plaintiff has failed to satisfy the statutory prerequisites to sue and to exhaust administrative remedies under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 et seq., the California Labor Code and/or any other applicable administrative remedy.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      The Complaint is barred, in its entirety, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.      Each and every purported cause of action set forth in the Complaint is barred entirely, or in part, by the doctrine of estoppel and/or acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.      The Complaint is barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Uncertainty)

8.      The Complaint is barred, in whole or in part, because it cannot be ascertained from the Complaint the basis of the allegations stated therein.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages)

9.      The Complaint is barred, in whole or in part, because Plaintiff has suffered no damage by any acts, events or occurrences alleged in the Complaint, whether or not attributable to Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (No Underlying Wrongful Conduct)

10.      The Complaint is barred, in whole or in part, because no wrongful conduct took place, there is no cognizable legal theory and no liability for failure to take remedial action or any similar or

4824-3979-1790.1

related such allegation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

11.    Plaintiff has failed to meet his factual and pleading burden inasmuch as the Complaint is frivolous, and Defendant has engaged attorneys to represent it in the defense of Plaintiff's frivolous, unfounded and unreasonable action and is thereby entitled to an award of reasonable attorneys' fees upon judgment in its favor.

## TWELFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

12.    Plaintiff has failed to meet his burden inasmuch as Plaintiff failed to mitigate any claimed damages (which are expressly denied) by complying with Defendant's practices, policies and internal procedures.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Proportional Liability)

13.    The Complaint is barred, in whole or in part, because liability, which is expressly denied, is the subject of partial or total proportional liability to a party other than Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver/Release)

14.    Each and every purported cause of action set forth in the Complaint is barred entirely, or in part, by the doctrine of waiver, as Plaintiff has waived all claims set forth in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

15.    The Complaint is limited or subject to an absolute bar as to recoverable damages based on the after-acquired evidence Defendant has presently and/or may acquire during the course of this litigation.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

16.    Defendant alleges that the United States and California Constitutions bar and/or limit any

3

4824-3979-1790.1

claims by Plaintiff (or any member of the alleged putative class) for punitive damages, including barring or limiting punitive damages as to any claim for which such relief is not available.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

17.    Defendant alleges that any claim for punitive or exemplary damages is barred, in that the California statute on punitive damages is unconstitutional under the due process clause of the Fourteenth Amendment to the U.S. Constitution and under the California Constitution, constitutes excessive fines under the Eighth Amendment of the U.S. Constitution, is unconstitutionally vague and therefore void, violative of the Equal Protection Clause, and an undue burden on Interstate Commerce.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient to Recover Punitive Damages)

18.    The Complaint, and each and every purported cause of action set forth therein alleged, fails to state facts sufficient to recover punitive, special or exemplary damages or to show that Defendant was guilty of malice, oppression or fraud as required by California Civil Code section 3294

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Emotional Distress)

19.    Defendants are informed and believe, and on that basis allege, that the Complaint, and each and every cause of action contained therein, is barred in whole or in part on the ground that Plaintiffs, and each of them, did not experience emotional distress.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Affirmative and Other Defenses)

20.    Defendant reserves the right to raise additional affirmative and other defenses and raise the issue of Plaintiff's failure to meet his burden.

## PRAYER

**WHEREFORE**, Defendant prays for judgment against Plaintiff on the Complaint as follows:

21.    That Plaintiff takes nothing by way of his Complaint;

22.    That the Complaint against Defendant be dismissed with prejudice;

23.    That Defendant be awarded costs and attorneys' fees;

4824-3979-1790.1

24. That the Court grant to Defendant such other and further relief as the Court may deem just and proper.

DATE: DECEMBER 13, 2019

**FOLEY & LARDNER LLP**
CHRISTOPHER WARD
ARCHANA A. MANWANI
SARA ALEXIS LEVINE ABARBANEL

ARCHANA A. MANWANI
Attorneys for Defendant MENZIES AVIATION, INC.

PROOF OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to this action; my current business address is 555 California Street, Suite 1700, San Francisco, CA 94104-1520.

On December 13, 2019, I served the foregoing document(s) described as: **DEFENDANT MENZIES AVIATION INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

Arlo Garcia Uriarte
Ernesto Sánchez
Un Kei WU
Daniel P. Iannitelli
LIBERATION LAW GROUP, P.C.
Telephone:  (415) 695-1000
Facsimile:  (415) 695-1006
arlo@liberationlawgroup.com

***Attorneys for Plaintiff Renaldo Navarro***

X          BY ELECTRONIC COURT FILING SERVICE (E-SERVICE)

     X          I personally caused each document listed above to be served by a Court-approved Electronic Court Filing Service Provider by transmitting true and correct copies of each document(s) for electronic service to the parties in this action.

X          Executed on December 13, 2019, at San Francisco, California.

X          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Laura Lee_

Laura Lee

4824-3979-1790.1