CHRISTOPHER WARD, CA Bar No. 238777
cward@foley.com
KRISTINA FERNANDEZ MABRIE, CA Bar No. 318315
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
sabarbanel@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE:   415.434.4507

Attorneys for Defendant MENZIES
AVIATION, INC., dba MENZIES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 3:19-cv-08157-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>State Court Action Filed: 10/23/19<br><br>Action Removed: 12/16/19<br><br>Judge: Hon. Vince Chhabria |

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

The Parties agree that this is an action removed to this Court under U.S.C. § 1332 due to diversity of citizenship of the Parties. The Parties do not believe that any personal jurisdiction or venue issues exist at this time. No Parties remain to be served.

2. **FACTS**

Plaintiff alleges that after he complained to Defendant about a supervisor and signed a petition formally complaining about the supervisor, Defendant suspended him for a week and then terminated his employment. Plaintiff alleges that he signed the petition after having complained about the supervisor sleeping on duty, being unreliable about giving rest and meal periods, and bring unprofessional and unavailable. After Plaintiff signed the petition, Defendant allegedly asked Plaintiff to write a letter explaining why he signed the petition, which Plaintiff believes was unnecessary because his complaints were on record and the petition spoke for itself. Plaintiff alleges that although he was not the only one to sign the petition, he was the only person suspended for signing the petition. Plaintiff alleges that Defendant discriminated against him because he is Filipino by suspending and terminating him. Defendant denies that Plaintiff was terminated because of his race and national origin or in response to any purported protected activity.

Plaintiff filed his Complaint in San Francisco County Superior Court on October 22, 2019, after receiving a right to sue letter from California Department of Fair Employment and Housing on September 3, 2019. Defendant answered the Complaint and removed the case to this Court on December 16, 2019.

3. **LEGAL ISSUES**

Plaintiff alleges four causes of action: (1) discrimination in violation of California Government Code section 12940(a); (2) retaliation in violation of California Government Code section 12940(h); (3) wrongful termination against public policy in violation of California Labor Code section 1102.5(a)-(b); and (4) intentional infliction of emotional distress.

Defendant denies that Plaintiff was terminated because of his race and national origin or in response to his complaints, and Defendant alleges that Plaintiff's causes of action fail as a matter of law.

4. **MOTIONS**

No motions have been filed and none are currently pending. Defendant anticipates filing a motion for summary judgment after the case has further developed during discovery.

5. **AMENDMENT OF PLEADINGS**

The Parties do not currently anticipate amending their respective pleadings but reserve the right

to do so as permitted by the Federal Rules of Civil Procedure.

6. **EVIDENCE PRESERVATION**

The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have discussed and taken reasonable steps to preserve electronically stored information and other evidence relevant to the issues reasonably evident in this action.

7. **DISCLOSURES**

The Parties agree to mutually extend the deadline for their initial disclosures pursuant to Fed. R. Civ. P. 26(a) to March 17, 2020.

8. **DISCOVERY**

To date, there has been no discovery propounded.  The Parties anticipate pursuing discovery by taking depositions and by serving document requests, interrogatories, and requests for admission.  The Parties agree to serve interrogatories, document requests, deposition notices, request for admissions, and the responses thereto, on each other via email (hardcopies to follow by mail, if requested).  The Parties further agree that service of a complete copy of these documents via email shall count as service by hand.

The Parties have not yet discussed but will consider a stipulated e-discovery order and a proposed discovery plan.  The Parties will also discuss entering a stipulated protective order.  The Parties have not identified any discovery disputes to date.

The Parties propose a deadline for fact discovery four (4) months after the entry of this Order.

9. **CLASS ACTIONS**

Not applicable.

10. **RELATED CASES**

Not applicable.

11. **RELIEF**

Plaintiff seeks relief in the form of compensatory, consequential, statutory, punitive, and emotional distress damages.  Plaintiff requests any such other relieve as the Court may deem just and proper.

12. **SETTLEMENT AND ADR**

The Parties have met and conferred in compliance with ADR Local Rule 3-5 and have agreed to private mediation.  The Parties do not believe any motions are necessary to facilitate settlement process selection.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant has declined to consent to proceed before a Magistrate Judge for all purposes.

14. **OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.  The Parties have agreed to private mediation.  The parties are in the process of selecting mediators and setting a date.

15. **NARROWING OF ISSUES**

The Parties do not believe that it is possible to narrow the issues at this time but will consider such opportunities to do so as the case develops and trial nears.

16. **EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

17. **SCHEDULING**

The Parties have tentatively agreed to a trial date of the week of December 7, 2020.  If the Court does not have that date available, the Parties have agreed on February 1, 2021 or February 8, 2021 as alternatives in that order of preference.  The Parties propose the following timeline for this case, to be adjusted with the date of trial:

<u>ADR Proceedings</u>.  ADR proceedings will begin within ninety (90) days from the entry of this Order (approximately June 9, 2020).  The Parties have agreed to private mediation as their preference for ADR proceedings.

<u>Amendment of Pleadings</u>.  The Parties may amend their pleadings up to sixty (60) days from the entry of this Order (approximately May 11, 2020).

<u>Further Case Management Conference</u>.  A further case management conference will be scheduled approximately thirty (30) days prior to the close of fact discovery (approximately June 17,

2020).

<u>Fact Discovery</u>.  Fact discovery shall be completed by four (4) months (approximately July 17, 2020) after the entry of this Order unless extended by the Court for good cause shown.

<u>Expert Designation and Discovery</u>. The Parties shall identify any expert(s) that they plan to call in their case-in-chief no later than seven (7) calendar days before filing of the Joint Preliminary Pretrial Conference Statement.  The Parties shall identify any anticipated rebuttal experts no later than three (3) business days before the Preliminary Pretrial Conference.  The Parties shall serve any report(s) within fourteen (14) calendar days after the close of fact discovery and any rebuttal reports within twenty-one (21) calendar days after receipt of the underlying report that is addressed by the rebuttal report. Depositions of experts must be completed within sixty (60) calendar days after the close of fact discovery (approximately September 15, 2020).

<u>Preliminary Pretrial Conference</u>.  As required in this Court's Standing Order, a Preliminary Pretrial Conference shall be scheduled approximately 1-2 weeks before the trial (approximately November 23, 2020).  Lead counsel for the parties shall meet and confer no later than twenty-one (21) calendar days prior to the filing of the Joint Preliminary Pretrial Conference Statement. No later than ten (10) calendar days prior to Preliminary Pretrial Conference, the parties shall file a Joint Preliminary Pretrial Conference Statement.

<u>Witness Lists</u>. The parties shall serve preliminary witness lists no later than seven (7) days prior to the filing of the Joint Preliminary Pretrial Conference Statement. The parties shall serve final witness lists seven (7) calendar days after the close of fact discovery. The parties have the right to depose any person identified on the final witness list that was not on the preliminary witness list within twenty-one (21) calendar days of the date the final witness list was served.

<u>Dispositive Motions</u>.  The last day for a hearing on dispositive motions will be two (2) months before the pretrial conference (approximately September 14, 2020).

18**.  TRIAL**

If tried, the case will be a jury trial.  The Parties anticipate the trial can be completed in five standard court days.

///

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On December 16, 2019, Defendant filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. The Certification states that other than the named parties, there are no other interested entities or persons of which the Parties are aware.

20. **PROFESSIONAL CONDUCT**

Attorneys for all Parities have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **OTHER MATTERS**

Lead counsel for the Defendant is located out of the Northern District of California, and the Parties have therefore agreed to do the Case Management Conference telephonically and have made the proper arrangements with the Court's clerk.

Dated: March 3, 2020

**FOLEY & LARDNER LLP**
Christopher Ward
Kristina Fernandez Mabrie
Sara Alexis Levine Abarbanel


 /s/ Christopher Ward
Christopher Ward
Attorneys for Defendant MENZIES AVIATION, INC.

Dated:  March 3, 2020

**LIBERATION LAW GROUP, P.C.**
Arlo Garcia Uriarte
Ernesto Sánchez
Un Kei Wu
Daniel P. Iannitelli


 /s/ Arlo Garcia Uriarte
Arlo Garcia Uriarte
Attorneys for Plaintiff Renaldo Navarro

## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this Joint Case Management Statement has been obtained from all signatories to the Joint Case Management Statement.

Dated:  March 3, 2020                **FOLEY & LARDNER LLP**
Christopher Ward
Kristina Fernandez Mabrie
Sara Alexis Levine Abarbanel

  /s/ Christopher Ward
Christopher Ward
Attorneys for Defendant MENZIES AVIATION, INC.