ARLO GARCIA URIARTE (SBN: 231764)
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile:  (415) 695-1006
Email:     arlo@liberationlawgroup.com

Attorneys for Plaintiff
**RENALDO NAVARRO**

SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
CHRISTOPHER WARD, CA Bar No. 238777
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA  90071
Telephone:    (213)972-4560
Facsimile:    (213)486-0065
Email:        cward@foley.com
              sabarbanel@foley.com

Attorneys for Defendant
**MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO,<br><br>                    Plaintiff,<br><br>vs.<br><br>MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 3:19-CV-08157-VC<br><br>[Honorable Vince Chhabria]<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  July 15, 2020<br>Time:  10:00 a.m.<br>Courtroom:  04<br><br>State Court Action Filed:  10/23/19<br>Action Removed:  12/16/19 |

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

The Parties agree that this is an action removed to this Court under U.S.C. § 1332 due to diversity of citizenship of the Parties. The Parties do not believe that any personal jurisdiction or venue issues exist at this time. No Parties remain to be served.

2. **FACTS**

Plaintiff alleges that after he complained to Defendant about a supervisor and signed a petition formally complaining about the supervisor, Defendant suspended him for a week and then terminated his employment. Plaintiff alleges that he signed the petition after having complained about the supervisor sleeping on duty, being unreliable about giving rest and meal periods, and being generally unprofessional and unavailable. After Plaintiff signed the petition, Defendant allegedly asked Plaintiff to write a letter explaining why he signed the petition, which Plaintiff believes was unnecessary because his complaints were on record and the petition spoke for itself. Plaintiff alleges that although he was not the only one to sign the petition, he was the only person suspended for signing the petition. Plaintiff alleges that Defendant discriminated against him because he is Filipino by suspending and terminating him. Defendant denies that Plaintiff was terminated because of his race and national origin or in response to any purported protected activity.

Plaintiff filed his Complaint in San Francisco County Superior Court on October 22, 2019, after receiving a right to sue letter from California Department of Fair Employment and Housing on September 3, 2019. Defendant answered the Complaint and removed the case to this Court on December 16, 2019.

3. **LEGAL ISSUES**

Plaintiff alleges four causes of action: 1) discrimination in violation of California Government Code section 12940(a); (2) retaliation in violation of California Government Code

1  section 12940(h); (3) wrongful termination against public policy in violation of California Labor
2  Code section 1102.5(a)-(b); and (4) intentional infliction of emotional distress.
3      Defendant denies that Plaintiff was terminated because of his race and national origin or
4  in response to his complaints, and Defendant alleges that Plaintiff's causes of action fail as a
5  matter of law.

6  4. **MOTIONS**
7      No motions have been filed and none are currently pending. Defendant anticipates filing
8  a motion for summary judgment after the case has further developed during discovery.

9  5. **AMENDMENT OF PLEADINGS**
10     The Parties do not currently anticipate amending their respective pleadings but reserve
11 the right to do so as permitted by the Federal Rules of Civil Procedure.

12 6. **EVIDENCE PRESERVATION**
13     The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of
14 Electronically Stored Information ("ESI Guidelines") and have discussed and taken reasonable
15 steps to preserve electronically stored information and other evidence relevant to the issues
16 reasonably evident in this action.

17 7. **DISCLOSURES**
18     The Parties have served their Initial Disclosures on each other.

19 8. **DISCOVERY**
20     Defendant has served written discovery in the form of interrogatories and document
21 requests and is awaiting service of responses to that written discovery.
22     Counsel for Plaintiff has noticed depositions for July 28-29, 2020.
23     Counsel for Defendants has noticed deposition of Plaintiff Renaldo Navarro to July 23,
24 2020.

25 9. **CLASS ACTIONS**
26     Not applicable.

27 10. **RELATED CASES**
28     Not applicable.

## 11. **RELIEF**

Plaintiff seeks relief in the form of compensatory, consequential, statutory, punitive, and emotional distress damages. Plaintiff also requests any such other relief as the Court may deem just and proper.

## 12. **SETTLEMENT AND ADR**

The Parties have met and conferred in compliance with ADR Local Rule 3-5 and have agreed to private mediation. **The Parties have set a mediation session for August 27, 2020.** The Parties do not believe any motions are necessary to facilitate settlement process selection.

## 13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant has declined to consent to proceed before a Magistrate Judge for all purposes.

## 14. **OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation. The Parties have agreed to private mediation. Private mediation is set to August 27, 2020.

## 15. **NARROWING OF ISSUES**

The Parties do not believe that it is possible to narrow the issues at this time but will consider such opportunities to do so as the case develops and trial nears.

## 16. **EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

## 17. **SCHEDULING**

A trial has been set to December 7, 2020 at 8:30 a.m. in San Francisco, Courtroom 04, 17th Floor before Judge Vince Chhabria. The Parties propose the following timeline for this case, to be adjusted with the date of trial :

ADR Proceedings: The Parties have agreed to private mediation as their preference for ADR proceedings. The Parties are scheduled for a private mediation on August 27, 2020.

Amendment of Pleadings: The deadline to amend pleadings has passed.

Further Case Management Conference:

Fact Discovery: Fact discovery is currently due August 14, 2020 unless extended by the Court for good cause shown.

Expert Designation and Discovery: The Parties shall identify any expert(s) that they plan to call in their case-in-chief no later than October 8, 2020. The Parties shall identify any anticipated rebuttal experts no later than three (3) business days before the Preliminary Pretrial Conference. The Parties shall serve any report(s) within fourteen (14) calendar days after the close of fact discovery and any rebuttal reports within twenty-one (21) calendar days after receipt of the underlying report that is addressed by the rebuttal report. Expert discovery closes on October 30, 2020.

Preliminary Pretrial Conference. A Preliminary Pretrial Conference is currently set to November 30, 2020. Lead counsel for the parties shall meet and confer no later than twenty-one (21) calendar days prior to the filing of the Joint Preliminary Pretrial Conference Statement. No later than ten (10) calendar days prior to Preliminary Pretrial Conference, the parties shall file a Joint Preliminary Pretrial Conference Statement.

Witness Lists. The parties shall serve preliminary witness lists no later than seven (7) days prior to the filing of the Joint Preliminary Pretrial Conference Statement. The parties shall serve final witness lists seven (7) calendar days after the close of fact discovery. The parties have the right to depose any person identified on the final witness list that was not on the preliminary witness list within twenty-one (21) calendar days of the date the final witness list was served.

Dispositive Motions. The last day for a hearing on dispositive motions is currently set to October 1, 2020.

18. **TRIAL**

If tried, the case will be a jury trial. The Parties anticipate the trial can be completed in five standard court days. Trial is currently set to December 7, 2020.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On December 16, 2019, Defendant filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. The Certification states that other than the named parties, there are no other interested entities or persons of which the Parties are aware.

1   20. **PROFESSIONAL CONDUCT**

2       Attorneys for all Parities have reviewed the Guidelines for Professional Conduct for the
3   Northern District of California.

4   21. **OTHER MATTERS**

5       Lead counsel for the Defendant is located out of the Northern District of California, and
6   the Parties have therefore agreed to do the Case Management Conference telephonically and will
7   make the proper arrangements with the Court's clerk.

Dated:  July 7, 2020                              LIBERATION LAW GROUP, P.C.

                                                  By:     /s/
                                                          Arlo Garcia Uriarte
                                                          Attorneys for Plaintiffs

Dated:  July 7, 2020                              FOLEY & LARDNER LLP

                                                  By:     /s/
                                                          Sara Alexis Levine Abarbanel
                                                          Christopher Ward
                                                          Attorneys for Defendants