ARLO GARCIA URIARTE (SBN: 231764)
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006
Email:        arlo@liberationlawgroup.com

Attorneys for Plaintiff
**RENALDO NAVARRO**

CHRISTOPHER WARD, CA Bar No. 238777
SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA  90071
Telephone:    (213)972-4560
Facsimile:    (213)486-0065
Email:        cward@foley.com
               sabarbanel@foley.com

Attorneys for Defendant
**MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO,<br><br>                              Plaintiff,<br><br>        vs.<br><br>MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No.: 3:19-CV-08157-VC<br><br>[Honorable Vince Chhabria]<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   September 22, 2020<br>Time:  2:00 p.m.<br>Courtroom:  04<br><br>State Court Action Filed:  10/23/19<br>Action Removed:  12/16/19 |

-1-

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

The Parties agree that this is an action removed to this Court under U.S.C. § 1332 due to diversity of citizenship of the Parties. The Parties do not believe that any personal jurisdiction or venue issues exist at this time. No Parties remain to be served.

2. **FACTS**

Plaintiff alleges that after he complained to Defendant about a supervisor and signed a petition formally complaining about the supervisor, Defendant suspended him for a week and then terminated his employment. Plaintiff alleges that he signed the petition after having complained about the supervisor sleeping on duty, being unreliable about giving rest and meal periods to fuelers, and being generally unprofessional and unavailable. After Plaintiff signed the petition, Defendant allegedly asked Plaintiff to write a letter explaining why he signed the petition, which Plaintiff believes was unnecessary because his complaints were on record and the petition spoke for itself. Plaintiff alleges that although he was not the only one to sign the petition, he was the only person suspended for signing the petition. Plaintiff alleges that Defendant discriminated against him because he is Filipino by suspending and terminating him. Defendant denies that Plaintiff was terminated because of his race and national origin or in response to any purported protected activity.

Plaintiff filed his Complaint in San Francisco County Superior Court on October 22, 2019, after receiving a right to sue letter from California Department of Fair Employment and Housing on September 3, 2019. Defendant answered the Complaint and removed the case to this Court on December 16, 2019.

3. **LEGAL ISSUES**

Plaintiff alleges four causes of action: 1) discrimination in violation of California Government Code section 12940(a); (2) retaliation in violation of California Government Code

section 12940(h); (3) wrongful termination against public policy in violation of California Labor Code section 1102.5(a)-(b); and (4) intentional infliction of emotional distress.

Defendant denies that Plaintiff was terminated because of his race and national origin or in response to his complaints, and Defendant alleges that Plaintiff's causes of action fail as a matter of law.

4. **MOTIONS**

No motions have been filed and none are currently pending. Defendant anticipates filing a motion for summary judgment.

5. **AMENDMENT OF PLEADINGS**

The Parties do not currently anticipate amending their respective pleadings but reserve the right to do so as permitted by the Federal Rules of Civil Procedure.

6. **EVIDENCE PRESERVATION**

The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have discussed and taken reasonable steps to preserve electronically stored information and other evidence relevant to the issues reasonably evident in this action.

7. **DISCLOSURES**

The Parties have served their Initial Disclosures on each other.

8. **DISCOVERY**

Both Parties have taken depositions. Plaintiff has been deposed by Defendant, and Plaintiff has deposed some of Defendant's employees. Plaintiff still intends to depose additional witnesses, either current or former employees of Defendant. The Parties have exchanged written discovery requests, and those requests have been answered.

9. **CLASS ACTIONS**

Not applicable.

10. **RELATED CASES**

Not applicable.

11. **RELIEF**

Plaintiff seeks relief in the form of compensatory, consequential, statutory, punitive, and emotional distress damages. Plaintiff requests any such other relieve as the Court may deem just and proper.

12. **SETTLEMENT AND ADR**

The Parties have met and conferred in compliance with ADR Local Rule 3-5 and have agreed to private mediation. Private mediation took place on August 27, 2020. The Parties did not reach a settlement. The Parties will continue to make a good faith effort in settlement negotiations. The Parties do not believe any motions are necessary to facilitate settlement process selection.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant has declined to consent to proceed before a Magistrate Judge for all purposes.

14. **OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation. The Parties have agreed to private mediation. Private mediation took place on August 27, 2020.

15. **NARROWING OF ISSUES**

The Parties do not believe that it is possible to narrow the issues at this time but will consider such opportunities to do so as the case develops, and trial nears.

16. **EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

17. **SCHEDULING**

The Court vacated the previously set trial date which was on 12/7/2020. The last day to hear Dispositive Motion Hearing has been extended to 11/5/2020, 10:00 AM,

ADR Proceedings: The Parties attended a private mediation with Michael Loeb on August 27, 2020. It was not successful. Mr. Loeb is set to follow up with the Parties before the scheduled case management conference.

1        <u>Amendment of Pleadings:</u> The deadline to amend pleadings has passed.

2        <u>Further Case Management Conference:</u>

3        <u>Fact Discovery:</u> The close of fact discovery was previously set for August 14, 2020. This

4   was before the trial date was vacated and the deadline to file dispositive motions was extended.

5        <u>Expert Designation and Discovery:</u> Expert discovery is set to close on October 30, 2020,

6   unless it is extended by the Court to mirror the other extensions that have been issued in this

7   case.

8        <u>Preliminary Pretrial Conference</u>. The previously set pre-trial conference has been vacated

9   by the Court.

10       <u>Witness Lists</u>. The parties shall serve preliminary witness lists no later than seven (7)

11  days prior to the filing of the Joint Preliminary Pretrial Conference Statement. The parties shall

12  serve final witness lists seven (7) calendar days after the close of fact discovery. The parties have

13  the right to depose any person identified on the final witness list that was not on the preliminary

14  witness list within twenty-one (21) calendar days of the date the final witness list was served.

15       <u>Dispositive Motions</u>. The last day for a hearing on dispositive motions is currently set to

16  November 5, 2020.

17  18. **TRIAL**

18       If tried, the case will be a jury trial. The Parties anticipate the trial can be completed in

19  five standard court days. There is no trial date at this time.

20  19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

21       On December 16, 2019, Defendant filed its "Certification of Interested Entities or

22  Persons" as required by Civil Local Rule 3-15. The Certification states that other than the named

23  parties, there are no other interested entities or persons of which the Parties are aware.

24  20. **PROFESSIONAL CONDUCT**

25       Attorneys for all Parities have reviewed the Guidelines for Professional Conduct for the

26  Northern District of California.

27

28

21. **OTHER MATTERS**

Lead counsel for the Defendant is located out of the Northern District of California, and the Parties have therefore agreed to do the Case Management Conference telephonically and will make the proper arrangements with the Court's clerk.

Dated:  September 16, 2020                          LIBERATION LAW GROUP, P.C.

By: _____
Arlo Garcia Uriarte
Attorneys for Plaintiffs

Dated:  September 16, 2020                          FOLEY & LARDNER LLP

By: _____
Christopher Ward
Sara Alexis Levine Abarbanel
Attorneys for Defendants

-6-

1
2

## PROOF OF SERVICE

3

I, Mariana Toledo Segarra, declare as follows:

4

I am over the age of eighteen years and not a party to the within entitled action. My business
address is 2760 Mission Street, San Francisco, CA 94110. I am familiar with the employer's business
practice for collection and processing of mail using the United States Postal Service. On September 16,
2020, I served the attached:

5
6
7

### JOINT CASE MANAGEMENT STATEMENT

8

on the interested parties in said action addressed as follows:

9    **Christopher Ward, Esq.**                    **Sara Alexis Levine Abarbanel, Esq.**
     **Foley & Lardner LLP**                        **Foley & Lardner LLP**
10   **555 South Flower Street, Suite 3300**        **555 South Flower Street, Suite 3300**
     **Los Angeles, California 90071**              **Los Angeles, California 90071**
11   **cward@foley.com**                            **sabarbanel@foley.com**

12   **Jason Y. Wu, Esq.**
     **Foley & Lardner LLP**
13   **555 South Flower Street, Suite 3300**
     **Los Angeles, California 90071**
14   **JWu@foley.com**

15

16   and served the named document in the manner indicated below:

17       ☒  **BY E-MAIL**:  I caused true and correct copies of the above documents, sent via electronic
     service (email) to Christopher Ward at cward@foley.com, Sara Alexis Levine Abarbanel at
18   sabarbanel@foley.com and Jason Y. Wu at JWu@foley.com.

19
         I declare under penalty of perjury under the laws of the State of California that the foregoing is
20   true and correct.  Executed on September 16, 2020, at San Francisco, California.

21
22
                                                    _____
23                                                          Mariana Toledo Segarra
24
25
26
27
28

PROOF OF SERVICE