CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

JASON WU, CA Bar No. 313368
   jwu@foley.com
SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
   sabarbanel@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

Attorneys for Defendant MENZIES AVIATION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renaldo Navarro,<br><br>                Plaintiff,<br><br>vs.<br><br>Menzies Aviation, Inc., DOING BUSINESS AS MENZIES; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No. 3:19-cv-8157<br><br>**DEFENDANT MENZIES AVIATION, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT, AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EVIDENCE**<br><br>DATE: November 19, 2020<br>TIME: 10:00 a.m.<br>PLACE: Videoconference<br><br>State Court Action Filed: 10/23/19<br><br>Action Removed: December 16, 2019 |

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  PLAINTIFF FAILS TO BOTH DISPUTE MENZIES' *MATERIAL* FACTS AND TO ESTABLISH HIS OWN "FACTS" NECCESARY TO CHALLENGE MENZIES' HONEST BELIEF AND/OR SUPPLY SUBSTANTIAL EVIDENCE OF PRETEXT ............ 1

    A.   PLAINTIFF FAILS TO DISPUTE THE MATERIAL FACTS ESTABLISHING MENZIES' HONEST BELIEF HE ENGAGED IN MISCONDUCT AND UNDERCUTTING HIS SEARCHING PRETEXT ARGUMENTS .............................. 2

    B.   PLAINTIFF'S ARGUMENTS DEPEND UPON "FACTS" NOT ESTABLISHED WITH PROPER EVIDENCE AND WHICH HIS OWN EVIDENCE AFFIRMATIVELY UNDERMINES AND DISPROVES ........................ 6

        1.   Plaintiff Cannot Avoid Summary Judgment With A Completely New Set Of Allegations Never Raised In This Case ........................................ 7

        2.   Plaintiff Does Not Establish His Eleventh-Hour "Facts" Regarding Dodge's Alleged Actions With Legitimate, Admissible Evidence .............................................................................................. 8

        3.   Plaintiff's Claim That Menzies' Investigation Was A Sham Fails To Create A Valid Connection To His New "Facts" And The Relevant Time ................................................................................................ 8

        4.   Plaintiff's Ploys To Garner Sympathy And Paint Himself As An Innocent Supporter Of "The People" Do Not Align With His Own Evidence ..................................................................................................... 9

III. PLAINTIFF'S RED HERRING PRETEXT ARGUMENTS DEPENDING UPON SPECULATION AND UNREASONABLE INFERENCES REGARDING MENZIES' MOTIVES ARE NOT SUSTAINED BY SUBSTANTIAL ADMISSIBLE EVIDENCE ....... 10

    A.   PLAINTIFF'S ACCUSATIONS AGAINST DODGE CONTRADICT HIS OWN ADMISSIONS AND LEGALLY CANNOT SERVE AS SUBSTANTIAL EVIDENCE OF PRETEXT ........................................................................ 11

    B.   PLAINTIFF'S ARGUMENTS DEPEND ON INADMISSIBLE MATERIAL, NOT SUBSTANTIAL EVIDENCE ......................................................................... 12

IV.  EVIDENTIARY OBJECTIONS TO PLAINTIFF'S INADMISSIBLE MATERIAL ............. 13

V.   CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aragon v. Republic Silver State Disposal*,
　292 F.3d 654 (9th Cir. 2002) ...........................................................................................................8

*Block v. City of Los Angeles*,
　253 F.3d 410 (9th Cir. 2001) .....................................................................................................7, 11

*Bracke v. City. of L.A.*,
　60 F. App'x 120 (9th Cir. 2003) ....................................................................................................13

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986) .........................................................................................................................8

*Cucuzza v. City of Santa Clara*,
　104 Cal. App. 4th 1031 (2002) .............................................................................................2, 8, 10

*Gov't Employees Ins. Co. v. Superior Court*,
　79 Cal. App. 4th 95 (2000) .....................................................................................................4, 7, 11

*Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*,
　397 F.3d 1217 (9th Cir. 2005) ...................................................................................................7, 11

*Horne v. Dist. Council 16 Int'l Union of Painters & Allied Trades*,
　234 Cal. App. 4th 524 (2015) ..........................................................................................................5

*Incalza v. Fendi N. Am., Inc.*,
　479 F.3d 1005 (9th Cir. 2007) ........................................................................................................4

*Morgan v. Regents of Univ. of Cal.*,
　88 Cal. App. 4th 52 (2001) ....................................................................................................2, 8, 9

*Ramirez v. AvalonBay Cmtys., Inc.*,
　2015 U.S. Dist. LEXIS 130475, 2015 WL 5675866 (N.D. Cal. Sept. 26, 2015) .....................13

*Salas v. Sierra Chem. Co.*,
　59 Cal. 4th 407 (2014) ....................................................................................................................5

*Villiarimo v. Aloha Island Air, Inc.*,
　281 F.3d 1054 (9th Cir. 2002) ........................................................................................................4

I. **INTRODUCTION**

In light of the wealth of evidence presented by Menzies Aviation in support of its motion reporting complaints of Plaintiff Renaldo Navarro pressuring employees to sign a petition about operational problems with Andrew Dodge's performance, it comes as little surprise that Plaintiff has not created a genuine dispute of *material* fact regarding Menzies' honest belief that Plaintiff engaged in such conduct and decided to terminate him on that basis. Nor is it surprising that the factual premises Plaintiff attempts to argue to support *prima facie* claims of discrimination and retaliation and claim Menzies' reasons for its action were pretextual do not withstand evidentiary scrutiny and fail to rise to anything beyond speculative factual façades lacking actual substance, and thus fail to sustain Plaintiff's burdens under Fed. R. Civ. P. 56 and the *McDonnell Douglas* analysis.

What is surprising is the degree Plaintiff goes hoping to distract from Menzies' legitimate showing and the deficiencies in his *prima facie* and pretext arguments. Plaintiff builds his entire opposition on a wholly new set of disparaging non-operational accusations about Dodge and complaints to Menzies that have avoided all mention in any of the written complaints about Dodge and all prior points in this litigation – including both Plaintiff's testimony when asked to identify his evidence and his counsel's questioning of Menzies' witnesses. Plaintiff may not avoid summary judgment with after-the-fact contradictions of his testimony and never-advanced accusations at odds with all the evidence any more than he can establish pretext based on an evidentiary proffer comprised of speculation, hearsay, and unreasonable opinion inferences lacking proper foundation and personal knowledge. Working through and rejecting these distractions makes plain Plaintiff has not met his burdens to create a triable issue regarding Menzies' motives and honest belief he engaged in misconduct. The Court should thus grant complete summary judgment for Menzies.

II. **PLAINTIFF FAILS TO BOTH DISPUTE MENZIES' *MATERIAL* FACTS AND TO ESTABLISH HIS OWN "FACTS" NECCESARY TO CHALLENGE MENZIES' HONEST BELIEF AND/OR SUPPLY SUBSTANTIAL EVIDENCE OF PRETEXT**

For all the sleight-of hand and new accusations made about Dodge that punctuate Plaintiff's opposition materials, they fail to genuinely dispute the *material* facts establishing Menzies' honest belief that Plaintiff committed misconduct and showing his pretext arguments depend not on substantial

admissible evidence, but upon inadmissible factual assertions, speculation and hearsay. *See Cucuzza v. City of Santa Clara*, 104 Cal. App. 4th 1031, 1038 (2002); *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 77 (2001). Quizzically, Plaintiff instead supplies evidence reinforcing the good-faith character of Menzies' honest belief, while his other evidentiary material fails to support the factual façades he tries to build, undermining his speculative arguments of pretext. With Menzies' *material* facts not disputed and Plaintiff's pretext claims lacking legitimate facts and evidence, the Court should grant summary judgment to Menzies as to all cause of action in the Complaint.

> A. **Plaintiff Fails To Dispute The Material Facts Establishing Menzies' Honest Belief He Engaged In Misconduct And Undercutting His Searching Pretext Arguments**

Predictably, Plaintiff continues to claim "I didn't do it" in the face of extensive evidence – including his own evidence – indicating he pressured and/or misled at least some into signing the first petition detailing only operational problems against Dodge. [Exhibit 22.] However, as Menzies made clear, such denials do not create disputes of any *material* fact. Rather, it is the facts establishing what information Menzies received about Plaintiff's actions and their impropriety, and the facts eviscerating Plaintiff's eleventh-hour arguments of pretext, that are material. Critically, Plaintiff failed to dispute all the following facts establishing Menzies' honest belief Plaintiff engaged in the reported behavior and showing his pretext contentions do not withstand the substantial evidence scrutiny the law demands:

- **Menzies received information from multiple sources, with some specifically identifying Plaintiff, complaining about pressure to sign the petition**. Regardless of his denials about his conduct, Plaintiff does not and cannot dispute that Menzies received information from the Union, Dodge[1], Macapagal, and three fuelers expressing to varying degrees pressure to sign a petition. [Exhibit 4, ¶¶ 3-5, 7; Exhibit 15, 23:24-24:10, Exhibit 16, 11:19-12:3, 13:22-14:6, 15:12-22, 57:21-59:5; Exhibit 17, 39:15-40:5, 41:14-20, 44:17-45:2, 46:12-47:6; Exhibit 21; Exhibit 24; Exhibit 25.] In addition to such information, even as Plaintiff claims his own words are taken out of context, the text message he sent to Dodge and subsequent written statement reinforce some involvement by Plaintiff in the petition and his appearing to use it to threaten Dodge. [Exhibit 21 and 24.] The only

---

[1] Plaintiff argues fuelers never reported to Dodge that it was Plaintiff pressuring them to sign the petition. However, Dodge did in fact testify that fuelers specifically identified "Ray" as the individual pressuring them about the petition. [Exhibit 17, 39:15-40:5.]

one of these facts Plaintiff half-heartedly attempts to dispute is the Union's complaint about someone pressuring members to sign the petition, but that effort is nothing more than rhetorical speculation questioning the communication, not competent evidence legitimately disputing the fact. [Exhibit 32, ¶ 11.] Plaintiff clearly does not create a legitimate dispute as to any of the information provided to Menzies about Plaintiff's actions that show Menzies had an honest belief he abused his authority and harassed and intimidated others.

- **Plaintiff understood the conduct expectations for which Menzies terminated him**. Attempting to suggest Menzies did not act in good faith because it never apprised Plaintiff of prohibitions against harassment or abuse of authority, Plaintiff argues he never received Menzies' Code of Conduct or Employee Handbook. This is clear distraction from two things that are actually material and which Plaintiff does not dispute: (i) Menzies maintains policies prohibiting intimidation and harassment [Exhibit 19 and 20]; and (ii) independent of such policies, Plaintiff understood that the type of conduct reported to Menzies is inappropriate for a supervisor. [Exhibit 12, 28:1-6, 28:23-33:1, 34:2-4.] There is no dispute then that Menzies enforced its policies and Plaintiff understood the expectations captured in those policies, such that Plaintiff has not impugned the good-faith nature of Menzies' actions.

- **Menzies considered information from multiple sources prior to making its decision**. Laboring to paint Menzies' investigation as a pre-determined sham, Plaintiff argues Menzies did not rely upon proper sources in its investigation. But such arguments do not ultimately dispute that Menzies asked Plaintiff to provide a statement (which he prepared independently and thus had full opportunity to say whatever he wanted to say), and received information from three Fuelers and one supervisor (a Filipino supervisor at that) all reporting pressure to sign the petition. [Exhibit 4, ¶¶ 3-5, 7; Exhibit 15, 23:24-24:10, Exhibit 16, 11:19-12:3, 13:22-14:6, 15:12-22, 57:21-59:5; Exhibit 17, 39:15-40:5, 41:14-20, 44:17-45:2, 46:12-47:6; Exhibit 21; Exhibit 24; Exhibit 25.] Plaintiff's text message and statement can be reasonably interpreted to support these witness reports, and given all this information provided to Menzies, it was not some sham exercise by Menzies merely because it did not interview every individual who signed the petition. There is nothing pretextual in crediting consistent information indisputably received from multiple sources, and Plaintiff thus does not create

1. any legitimate dispute as to whether Menzies' honestly believed that Plaintiff engaged in misconduct. *Incalza v. Fendi N. Am., Inc.*, 479 F.3d 1005, 1013 (9th Cir. 2007); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (noting that courts only require an employer honestly believed its reasons for it actions, even if its reason is foolish or trivial.)

- **Menzies addressed the concerns directed against Dodge, not ignore them nor focus its attention only on Plaintiff**. In another "sham investigation" claim, Plaintiff *argues* Menzies singled him out while ignoring other concerns. However, the *evidence* establishes otherwise. As Dodge admitted, Menzies addressed such concerns directly with him. [Exhibit 13, 25:23-25; Exhibit 14, 51:2-52:17; Exhibit 15, 40:11-25; Exhibit 16, 27:13-28:3, 37:17-38:9, 38:22-39:8; Exhibit 17, 21:11-19, 32:14-33:3, 48:3-20, 49:1-7.] Objective documentation also shows Menzies' concern about Macapagal's potential involvement in the petition – another fact Plaintiff ignores. [Exhibit 26 (noting "There is another supervisor involved" and requesting an investigation).] However, Menzies received no evidence of Macapagal pressuring employees, which is not surprising given Macapagal's recognition that it is inappropriate for a supervisor to ask other employees to sign the petition.[2] [Exhibit 4, ¶ 4.]

- ***None*** **of the purported racist behavior by Dodge appears in the petitions or contemporaneous information provided to Menzies**. For all the attacks against Dodge never alleged in this case until suddenly surfacing in opposition to summary judgment[3] – none of those speculative opinions and hearsay-based "facts" appear in the information provided to Menzies in August 2018. [Exhibits 22, 24, 27 and 28.] Rather, all the written information provided to Menzies about Dodge relates exclusively to the same operational concerns Menzies addressed with Dodge. [*Id*.] Ironically from there, Plaintiff's evidence confirms that the only document even arguably claiming "harassment" by Dodge *was never provided to Menzies* – rather, Rafael Vasquez concedes he provided it *to Plaintiff* months after Plaintiff's termination. [Exhibit 31, ¶ 20.]

---

[2] In a blow to Plaintiff's speculative pretext arguments about Menzies' purported animus toward Filipinos, if Menzies truly bore such animus, Macapagal's signature would have supplied reason to also "persecute" him. That Macapagal suffered no adverse consequence reinforces the legitimate evidence about Menzies' motives and undermines Plaintiff's arguments that such motives were pretext for discrimination or for retaliation.

[3] *Gov't Employees Ins. Co. v. Superior Court*, 79 Cal. App. 4th 95, 98 (2000) (a court may not deny a motion for summary judgment based on issues not raised by the plaintiff's complaint).

- **The witnesses who provided evidence to both Menzies and Plaintiff do not support, and expressly deny, the purported harassment by Dodge**. It is quite telling that Plaintiff secured declarations from two individuals who also provided testimony in support of Menzies' motion, but Plaintiff could not obtain statements from those witnesses walking back their clear assertions that all complaints actually reported to Menzies about Dodge were operational in character only. [*Compare* Exhibits 4 and 32 and Exhibits 11 and 35.] That these witnesses adhere to their assertions is material to reinforcing Menzies' good-faith reliance on the information received in August 2018 and showing the insufficient character of Plaintiff's arguments at pretext.[4]

- **The only information about Dodge sleeping brought to Menzies pertained to off-duty time**. Plaintiff goes back to the well of Dodge's sleep apnea disability, again arguing Menzies ignored the complaints about him sleeping at work. Again however, Plaintiff fails to overcome the evidence that Menzies did consider that complaint, verifying that for the instances brought to its attention, Dodge was not on duty (and none of Plaintiff's witnesses claim to have reported to Menzies, or have personal knowledge of Menzies' awareness, of any instance of Dodge sleeping while on duty or in an operational area). [Exhibit 13, 26:16-19; Exhibit 14, 43:23-44:2, 44:22-45:23; Exhibit 15, 50:20-52:19; Exhibit 16, 28:24-29:11, 29:25-30:9; Exhibit 17, 20:20-25, 21:11-19, 23:15-21, 26:20-27; Exhibit 32, ¶ 6; Exhibit 36, ¶ 6.] There accordingly is no dispute that Menzies considered the information about Dodge sleeping, but determined it did not need to take any disciplinary action (and arguably would have violated disability laws[5] if it had).

---

[4] Citing to *Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407 (2014) and *Horne v. Dist. Council 16 Int'l Union of Painters & Allied Trades*, 234 Cal. App. 4th 524 (2015), Plaintiff argues the declarations given by fuelers are "after-acquired evidence" upon which Menzies cannot rely at summary judgment. Plaintiff misrepresents these cases and how they are inapplicable. In *Salas* and *Horne*, the employer attempted to retroactively rely upon after-acquired evidence to establish a legitimate, non-discriminatory basis for its actions. Here however, Menzies had multiple sources of <u>contemporaneous</u> information supporting its honest belief in Plaintiff's misconduct. The declarations therefore do not retroactively create Menzies' reasons for its actions; rather, they reinforce the good-faith character of Menzies' honest belief based on the contemporaneous information and show the deficiencies in Plaintiff's pretext arguments. The declarations are accordingly not after-acquired evidence at all, but instead reinforce contemporaneous evidence that Plaintiff had intimidated and harassed employees and refute Plaintiff's pretext argument that Menzies treated one complaint differently than another.

[5] With respect to Plaintiff's perverse argument that Menzies did not accommodate Dodge's disability and this "non-accommodation" somehow establishes pretext, whether Menzies or Dodge explicitly called it an accommodation, the fact is Menzies acted appropriately – and lawfully – by not taking disciplinary action. Dodge reported his disability and Menzies rightly took no action in response to

- **Plaintiff remained involved in a campaign against Dodge following his termination**. Regardless of his denials, Plaintiff's own evidence confirms he continued railing against Dodge and remained involved after his termination. [Exhibits 28-29.] That Vasquez provided his November 18th letter to Plaintiff – but not to Menzies – confirms Plaintiff had an axe to grind with Dodge and severely undercuts his pretext-based attempts to cast his actions toward Dodge as benign. [Exhibit 32, ¶ 20.]

- **Plaintiff was a good supervisor**. One would think, given the overt allegations of racism suddenly injected into this case, that neither Dodge nor Menzies would be complimentary toward Plaintiff. But Menzies does not dispute that Plaintiff was a strong supervisor, and even included Dodge's compliment of Plaintiff in its motion. It makes no sense – and undermines Plaintiff's speculative pretext claims – that Menzies would endorse Plaintiff's self-serving testimony, yet be looking for nefarious way to rid itself of him because of his Filipino race (only to then replace him with another Filipino supervisor, [Exhibit 36, ¶¶ 1-2]) or because of his purported innocent involvement in the petitions against Dodge clearly addressing only operational concerns. [Exhibits 22, 27.]

There simply is no genuine dispute as to any of the foregoing facts, and in some cases it is Plaintiff's own evidence that makes their undisputed nature clear. And because these foregoing material facts are not in genuine dispute, Plaintiff both has not come anywhere close to impugning Menzies' honest belief that he engaged in misconduct and shown his arguments at pretext for what they truly are – distracting arguments not based on substantial evidence-supported facts, but speculation, opinion, unreasonable inference and desperate innuendo. Such claims cannot withstand summary judgment.

      **B.**     <u>**Plaintiff's Arguments Depend Upon "Facts" Not Established With Proper Evidence And Which His Own Evidence Affirmatively Undermines And Disproves**</u>

Unable to create genuine disputes of the foregoing *material* facts, Plaintiff's opposition devolves into a façade of purported "facts" advanced for the first time at this procedural stage with no structure behind them. In addition to being a legally improper effort to avoid summary judgment, Plaintiff's arguments to show he has *prima facie* claims and a sufficient showing of pretext depend on the Court accepting: (i) Plaintiff has valid *admissible* substantial evidence that Menzies bore animus toward Filipinos and employees complaining about working conditions; (ii) Menzies had the purported overt

---

sleeping off-duty in non-operational areas after Dodge completed a graveyard shift.

complaints against Dodge brought to its attention in a contemporaneous time period to the undisputed complaints about Plaintiff, thus making its investigation a sham; and (iii) Plaintiff innocently participated in the campaign against Dodge, such that the Court should sympathize with his irrelevant character and emotional distress claims and relax his pretext burden. The problem for Plaintiff is that he does not establish any of these red herring "facts" with substantial admissible evidence.

1. **Plaintiff Cannot Avoid Summary Judgment With A Completely New Set Of Allegations Never Raised In This Case**

Given the extreme character of the accusations against Dodge, it is astonishing that Plaintiff's opposition is somehow the first time any such accusations have appeared. None of the petitions or Plaintiff's other written materials come anywhere close to identifying such wild accusations. [Exhibits 22, 24, 25, 27.] The Complaint is bereft of such allegations, as are Plaintiff's previous factual summaries presented to the Court and Menzies. [*See* Docket Nos. 1-2 and 14.] In fact, despite being specifically asked about his complaints against Dodge and what evidence he had to support his assertions of discrimination and retaliation, Plaintiff never identified anything remotely so incendiary during his deposition, only to now submit an after-the-fact declaration containing such contentions. [Exhibit 12, 46:16-47:11; 49:15-18; 51:9-17; 28:24-29:15, 30:8-19, 31:21-32:13, 88:24-93:23, 94:7-95:7.] Plaintiff's own discovery never hinted at such "facts" either – despite asking Menzies' witnesses extensively about Dodge's performance issues and complaints about him, Plaintiff's counsel never inquired about any such overt racism by Dodge or reports of the same to Menzies. [Exhibits 46-52.] And of course, Menzies presented consistent evidence from Dodge's subordinates disclaiming any such harassment and racism. [Exhibits 4-11, 32, 35.]

Not only does it challenge credulity to think Plaintiff would have such strong purported facts to support his case only to withhold them until this eleventh hour, the seeming invention of such information after never previously disclosing it effectively contradicts his own admissions in an improper attempt to avoid summary judgment based on new information. *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005); *Block v. City of Los Angeles*, 253 F.3d 410, 419 n. 2 (9th Cir. 2001) ("a party cannot create a genuine issue of material fact to survive summary judgment by contradicting his earlier version of the facts"); *Gov't Employees Ins. Co.*, 79 Cal. App. 4th

MENZIES AVIATION, INC.'S MSJ REPLY BRIEF AND EVIDENTIARY OBJECTIONS
-7-
Case No. 3:19-cv-8157
4850-8894-7664.3

at 98 (a court may not deny a motion for summary judgment based on issues not raised by the plaintiff's complaint). The Court should see this latest turn in Plaintiff's campaign against Dodge for what it truly is – desperate character assassination to avoid summary judgment – not valid facts or argument supported by substantial and admissible evidence of pretext.

### 2. Plaintiff Does Not Establish His Eleventh-Hour "Facts" Regarding Dodge's Alleged Actions With Legitimate, Admissible Evidence

In addition to their highly dubious character and legal impropriety at this late stage, Plaintiff's defamatory accusations against Dodge highlight the improper nature of the *evidence* proffered to attack Menzies' motives and the insufficiencies in Plaintiff's *prima facie* and pretext arguments. And this is where (as shown in Menzies' evidentiary objections, *infra*) Plaintiff's only-now-raised contentions truly fall apart: they depend upon opinions, speculation, hearsay, and inference without foundation or personal knowledge. Repeatedly Plaintiff's witnesses concede the motives attributed to Menzies are "opinions" and "belief" speculatively drawn from false conclusions that Menzies supposedly never addressed complaints about Dodge's performance. [Exhibit 32, ¶¶ 5-7, 11, 14, 18; Exhibit 33, ¶¶ 4-5, 16; Exhibit 35, ¶ 5.] What thus becomes clear from Plaintiff's proffer is its dependency upon self-serving speculation and opinions, not actual facts. Plaintiff's <u>substantial</u> evidence burden demands far more than such incendiary late-hour additions to the case narrative constructed upon inference, not actual fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (Rule 56 requires a non-moving party go beyond its own pleadings and affidavits and identifying specific legitimately disputed facts); *Aragon v. Republic Silver State Disposal*, 292 F.3d 654, 658 (9th Cir. 2002); *Cucuzza*, 104 Cal. App. 4th at 1038 (a showing that only gives rise to speculation or unreasonable inferences about employer motivation does not create a triable issue); *Morgan*, 88 Cal. App. 4th at 77 (speculative evidence "does not rise to the level of the substantial evidence of pretext").

### 3. Plaintiff's Claim That Menzies' Investigation Was A Sham Fails To Create A Valid Connection To His New "Facts" And The Relevant Time Period

As for Plaintiff's assertion that Menzies had purported incendiary racism and harassment complaints before it at the same time as the complaints about Plaintiff, and conducted a sham investigation while ignoring the information about Dodge, it is abundantly clear <u>none</u> of the written

materials provided to Menzies reflect any such egregious allegations. [Exhibits 22, 24, 25, 27, 28.] Rather, all material reduced to writing pertains to operational concerns like flight delays and missed breaks. [*Id.*] And critically, Plaintiff's witnesses do not establish a valid nexus between the dubious and entirely new non-written complaints about Dodge to the time period Menzies received complaints about Plaintiff. Plaintiff admitted the only complaints he ever made about Dodge were perhaps "years" prior to his termination. [Exhibit 12, 46:16-47:11; 49:15-18; 51:9-17; 28:24-29:15, 30:8-19, 31:21-32:13.] And the best Plaintiff's witnesses could say is that such purported actions by Dodge and complaints about him happened "in 2017 and 2018." [Exhibit 31, ¶ 13; Exhibit 32, ¶¶ 3-4; Exhibit 33, ¶¶ 5, 15; Exhibit 34, ¶ 4; Exhibit 35, ¶ 7; Exhibit 36, ¶ 6.]

Even if he could properly hide the ball until summary judgment opposition and contradict prior testimony indicating he had no such information, Plaintiff's evidentiary proffer at best indicates that the dubious complaints about Dodge occurred long before the complaints about him. Denigrating Menzies' investigation against this background thus becomes a wholly deficient argument at pretext. Menzies' actions in August 2018 certainly support an honest belief in the misconduct attributed to Plaintiff based on information from the Union, Dodge, three fuelers reporting pressure, and Macapagal reporting the same. [Exhibit 4, ¶¶ 3-5, 7; Exhibit 15, 23:24-24:10, Exhibit 16, 11:19-12:3, 13:22-14:6, 15:12-22, 57:21-59:5; Exhibit 17, 39:15-40:5, 41:14-20, 44:17-45:2, 46:12-47:6; Exhibit 21; Exhibit 24; Exhibit 25.] With the legitimate contemporaneous evidence about Dodge pertaining only to operational concerns, Plaintiff has not raised a legitimate argument that Menzies' investigation was a sham.

### 4. Plaintiff's Ploys To Garner Sympathy And Paint Himself As An Innocent Supporter Of "The People" Do Not Align With His Own Evidence

In an obvious ploy to engender sympathy and cast himself a persecuted victim, Plaintiff paints himself as a champion of others innocently swept into the petition against Dodge, rounded out with claims of emotional distress and character evidence completely irrelevant at summary judgment. But even this transparent strategy falls flat because Plaintiff cannot dispute key *material* facts about the conduct identified to Menzies from multiple sources, not the least of which is Macapagal's undisputed report that Plaintiff asked him to sign and Macapagal felt pressured to do so.[6] Plaintiff's own evidence

---

[6] It is telling that Plaintiff secured a declaration from Macapagal that does *not* repudiate the statements

further undercuts the picture he tries to draw by conceding that the only document referring to any form of harassment by Dodge *was never provided to Menzies* but Vasquez did supply it – months after the termination – to Plaintiff after also texting about it. [Exhibit 32, ¶ 20.]

For all his laboring to dispute pressuring at least some employees to sign and claims of innocent involvement in the petition, such factual façades neither withstand scrutiny nor create a dispute about what actually matters – the information provided to Menzies about Plaintiff's conduct. None of Plaintiff's efforts create a legitimate dispute as to any of the following: (i) the Union's report; (ii) Dodge's complaint about Plaintiff, supported by the text message where Plaintiff refers to the petition; (iii) Macapagal's report; or (iv) statements from three fuelers complaining about being pressured or misled. In the face off these undisputed facts and failed attempts to paint factual contentions unsupported by legitimate evidence, Plaintiff's arguments that Menzies did not have an honest belief that Plaintiff engaged in misconduct are neither credible nor legally sufficient. And against this backdrop of undisputed facts, Plaintiff simply cannot sustain *prima facie* claims nor sufficiently argue pretext based on speculation, never-before-made accusations, and self-serving opinions and beliefs about Menzies' motives. *Cucuzza*, 104 Cal. App. 4th at 1038.

### III. PLAINTIFF'S RED HERRING PRETEXT ARGUMENTS DEPENDING UPON SPECULATION AND UNREASONABLE INFERENCES REGARDING MENZIES' MOTIVES ARE NOT SUSTAINED BY SUBSTANTIAL ADMISSIBLE EVIDENCE

Unable to dispute the *material* facts supporting Menzies' honest belief Plaintiff engaged in the misconduct, and falling equally short in creating factual counterpoints withstanding scrutiny and supported by substantial *admissible* evidence, Plaintiff's opposition strategy crystalizes into a scorched earth, sleight-of-hand effort to distract attention away from the material facts about him. To this end, he escalates his attacks on Dodge into full-scale character assassination with allegations somehow avoiding all mention in any document or prior point in this litigation. Having thus disparaged Dodge as some mal-adjusted, Trump-flag toting bigot and Menzies' managers for no reason other than their skin color[7],

---

made in Macapagal's earlier declaration that he reported to Menzies feeling pressured when Plaintiff asked him to sign the petition. [*Compare* Exhibit 4 and 34.] For all his denials, it jumps off the page that Plaintiff could not get Macapagal to dispute these critically material facts.

[7] It bears mentioning that for all Plaintiff's and his witnesses' attacks on Menzies personnel for being

Plaintiff tries to build a pretext argument with a strained extrapolation of Menzies' "real" motives based on Dodge's purported racism. It is critical the Court see these procedurally improper and shameful attacks and subsequent leap to impugn Menzies' motives for what they really are – a red herring pretext argument designed to cover up the argument's dependence on inadmissible speculation and unreasonable inferences.

### A. Plaintiff's Accusations Against Dodge Contradict His Own Admissions And Legally Cannot Serve As Substantial Evidence Of Pretext

One could reasonably expect that if Dodge truly were the bigot Plaintiff has made him out to be, the purported "facts" of Dodge's supposedly overt actions and complaints about them – all of which Menzies disputes – would have at some point been reduced to writing or raised in this case prior to this late hour. It defies credulity to think Menzies employees made *multiple* written petitions about Dodge with respect to operational matters, took pictures of him sleeping, and authored letters using the term "harassment" months after Plaintiff's termination (but indisputably never provided to Menzies), yet <u>none</u> of Dodge's alleged overtly racist behavior appears in such writings. The multiple declarations from Fuelers – including Filipino Fuelers – testifying they wanted to sign the petitions but disclaiming any contention of harassment adds to the extraordinarily dubious nature of these new contentions. Not only does it raises concerning questions why such accusations have avoided any prior mention, by only now disclosing them, Plaintiff has effectively contradicted his own testimony through subsequent declaration and tried to avoid summary judgment with entirely new material in a way the law does not tolerate. *See Hambleton Bros. Lumber Co.*, 397 F.3d at 1225; *Block*, 253 F.3d at 419 n. 2 ("a party cannot create a genuine issue of material fact to survive summary judgment by contradicting his earlier version of the facts"); *Gov't Employees Ins. Co.* 79 Cal. App. 4th at 98 (a court may not deny a motion for summary judgment based on issues not raised by the plaintiff's complaint).

The Court should completely disregard Plaintiff's eleventh-hour disparagement of Dodge and the purported "facts" he offers in service of that campaign. They ultimately amount to nothing more than an attempted distraction from the *material* facts he cannot genuinely dispute that demonstrate the propriety

---

white, Raul Vargas – a Hispanic – is indisputably the decision-maker on Plaintiff's termination. [Exhibit 26.]

of summary judgment. And cutting through such noise, Plaintiff's opposition does not present *any* legitimate and material fact supported by evidence – let alone substantial admissible evidence – even suggesting Menzies' stated reasons for suspending and then terminating his employment were pretext for discrimination and retaliation.

### B. Plaintiff's Arguments Depend On Inadmissible Material, Not Substantial Evidence

Even setting aside the improper and dubious nature of the novel accusations lobbed at Dodge then extrapolated into arguments about Menzies' motives, such information <u>is not substantial, admissible evidence of pretext</u> – no matter how salacious Plaintiff tries to make it to distract from its deficient evidentiary character. As noted in Menzies' evidentiary objections *infra*, the accusations contained in Plaintiff's declaration and those of other declarants depend on hearsay, are made without proper foundation to explain the declarant's purported personal knowledge, and constitute overt speculation, with witnesses freely stating their accusations of Menzies' purported anti-Filipino animus are "opinion" or "belief." As but one example of such unreasonable inferences, witnesses describe a circumstance of Dodge supposedly flashing vehicle lights and jump to the conclusion that Dodge was attempting to intimidate Filipinos like an ICE agent without offering any additional facts or descriptions of Dodge's behavior to support such a speculative conclusion.[8] [Exhibit 32, ¶ 4; Exhibit 33, ¶ 6; Exhibit 36, ¶ 5.] Additionally, and as noted above, no witness creates a credible temporal nexus between the supposed race complaints about Dodge and the period Menzies assessed the petitions against Dodge (bereft of such incendiary accusations) and the complaints about Plaintiff in August 2018. [Exhibit 31, ¶ 13; Exhibit 32, ¶¶ 3-4; Exhibit 33, ¶¶ 5, 15; Exhibit 34, ¶ 4; Exhibit 35, ¶ 7; Exhibit 36, ¶ 6.] These problems with Plaintiff's proffer come into sharper focus when compared with the Fueler statements (including from witnesses provided declarations to both parties) that they signed the petition because of operational issues only. [Exhibits 4-11, 32, 35.]

When the Court cuts through the noise and distraction attempted by Plaintiff, the only actually valid and admissible evidence he offers to argue Menzies' reasons for terminating Plaintiff were pretext for retaliation and discrimination are that: (i) Plaintiff and other Fuelers are Filipino; (ii) Dodge is

---

[8] Given that Dodge often worked graveyard shifts, even if this incident occurred there are myriad reasons why Dodge might be flashing vehicle lights. Calling it a race-based ICE-like effort at intimidation with no further description of *facts* belies the extent of the unreasonable inference.

Caucasian, and (iii) Menzies promoted Dodge (and Macapagal and another Filipino after Plaintiff's termination [Exhibit 4, ¶ 1; Exhibit 36, ¶¶ 1-2]) over other Filipino fuelers. Everything else he offers is inadmissible and/or unreasonable inferences about Menzies' motives without a temporal nexus to the August 2018 petition and reports of Plaintiff's actions. The law is clear that such a meager showing does not satisfy Plaintiff's <u>substantial</u> evidence of pretext burden necessary to create a triable of issue regarding Menzies' motives in terminating Plaintiff's employment. Consequently, for all the race-baiting noise Plaintiff has added to the narrative of this case at this eleventh hour, it does not satisfy his burdens under Fed. R. Civ. P. 56 and the *McDonnell Douglas* analysis. Neither Plaintiff's discrimination nor retaliation claim thus withstands Menzies' showing that summary judgment is proper, and the failure of those two principal claims requires the derivative failure of his wrongful termination and intentional infliction of emotional distress causes of action. *Ramirez v. AvalonBay Cmtys., Inc.*, 2015 U.S. Dist. LEXIS 130475, 2015 WL 5675866, at *11 (N.D. Cal. Sept. 26, 2015) ("Where no predicate violation of the law has occurred, a plaintiff cannot state a claim for wrongful termination in violation of the law"); *See, e.g.*, *Bracke v. City. of L.A.*, 60 F. App'x 120, 122 (9th Cir. 2003) (recognizing terminations and related investigations occur as part of the employment relationship and derivative intentional infliction of emotional distress claims are preempted).

## IV. <u>EVIDENTIARY OBJECTIONS TO PLAINTIFF'S INADMISSIBLE MATERIAL</u>

Menzies objects to the following materials contained in Plaintiff's Appendix of Evidence on the basis that Plaintiff has not established an appropriate foundation and/or reliable indicia that the witness testimony is based upon personal knowledge as required by Fed. R. Evid. 602:

- Exhibit 31: ¶ 9, line 26- line 1; ¶ 6, lines 16-17; ¶ 7, lines 22-23; ¶ 8, lines 24-25; ¶ 12, lines 10-11; ¶ 12, lines 11-13; ¶ 13, lines 14-21; ¶ 20, lines 20-21; ¶ 21, lines 26-27; ¶ 23, lines 8-10.
- Exhibit 32: ¶ 2, lines 11-13; ¶ 3, lines 16-23; ¶ 4, lines 1-2; ¶ 4, lines 24-27; ¶ 5, lines 3-6; ¶ 6, lines 7-10; ¶ 6, lines 7-14; ¶ 8, lines 15-18; ¶ 9, lines 21-22; ¶ 10, lines 23-27; ¶ 11, lines 2-6; ¶ 13, line 17; ¶ 14, lines 18-21; ¶ 15, lines 23-24; ¶ 17, line 3; ¶ 18, lines 4-6; ¶ 19, lines 7-8; ¶ 21, line 13.
- Exhibit 33: ¶ 4, lines 8-11; ¶ 5, lines 12-15; ¶ 6, lines 16-17; ¶ 7, lines 18-24; ¶ 9, line 28- line 2; ¶ 10, lines 4-5; ¶ 11, lines 6-7; ¶ 13, line 9; ¶ 13, lines 10-13; ¶ 15, lines 14-16; ¶ 16, lines 18-19; ¶ 17, lines 20-22.

- Exhibit 34: ¶ 3, lines 6-7; ¶ 4, lines 8-11; ¶ 5, lines 12-13.
- Exhibit 35: ¶ 2, lines 5-7; ¶ 5, lines 14-17; ¶ 6, lines 19-21; ¶ 7, lines 22-24.
- Exhibit 36: ¶ 5, lines 12-13; ¶ 6, lines 14-16; ¶ 7, lines 18-19; ¶ 9, lines 23-24; ¶ 10, lines 27-28; ¶ 11, line 1.

Menzies objects to the following materials contained in Plaintiff's Appendix of Evidence on the basis that it is hearsay or based on hearsay statement and is offered for the truth of the matter asserted in violation of Fed. R. Evid. 801-802:

- Exhibit 31: ¶ 7, lines 21-23; ¶ 8, lines 24-25; ¶ 10, lines 2-7; ¶ 13, lines 14-21; ¶ 18, line 12.
- Exhibit 32: ¶ 2, lines 14-15; ¶ 3, lines 16-19; ¶ 6, line 7; ¶ 7, lines 11-13; ¶ 13, lines 10-12; ¶ 13, lines 12-15; ¶ 13, lines 15-17.
- Exhibit 33: ¶ 5, lines 14-15; ¶ 6, lines 16-17; ¶ 8, lines 25-27; ¶ 17, line 8-line 2.
- Exhibit 34: ¶ 4, lines 8-11.
- Exhibit 35: ¶ 7, lines 22-24.
- Exhibit 36: ¶ 5, lines 11-13; ¶ 8, lines 20-22.

Menzies objects to the following material contained in Plaintiff's Appendix of Evidence on the basis that its probative value is substantially outweighed by unfair prejudice to Menzies and undue delay by Plaintiff in identifying such evidence as supporting his claims when he has never before raised any such allegations in this case and testified he was not aware of any such evidence at his deposition. *See* Fed. R. Evid. 403; *Hambleton Bros. Lumber Co.*, 397 F.3d at 1225; *Block*, 253 F.3d at 419 n. 2 ("a party cannot create a genuine issue of material fact to survive summary judgment by contradicting his earlier version of the facts"); *Gov't Employees Ins. Co.* 79 Cal. App. 4th at 98 (a court may not deny a motion for summary judgment based on issues not raised by the plaintiff's complaint). Many examples of such evidence also constitute improper lay opinion evidence pursuant Fed. R. Evid. 701.

- Exhibit 31: ¶ 8, lines 24-25; ¶ 22, lines 1-2.
- Exhibit 32: ¶ 4, lines 24-27; ¶ 4, lines 1-2; ¶ 5, lines 3-6; ¶ 8, lines 15-18; ¶ 12, lines 8-9; ¶ 13, lines 15-17; ¶ 14, lines 18-20; ¶ 16, lines 25-27.
- Exhibit 33: ¶ 5, lines 12-13; ¶ 6, lines 16-17; ¶ 17, lines 20-22.
- Exhibit 35: ¶ 5, lines 15-17; ¶ 6, lines 20-21.

- Exhibit 36: ¶ 7, lines 17-19.

## V. CONCLUSION

Because Plaintiff has not created a genuine dispute of *material* fact regarding the information provided to Menzies supporting its honest belief that he engaged in misconduct and has not met his *prima facie* and pretext burdens with substantial admissible evidence, offering instead speculation and unreasonable inferences, the Court should enter complete summary judgment in its favor on all causes of action in Plaintiff's Complaint, or in the alternative, partial summary judgment.

DATED: November 5, 2020

**FOLEY & LARDNER LLP**
Christopher Ward
Jason Wu
Sara Alexis Levine Abarbanel


*/s/ Christopher Ward*
CHRISTOPHER WARD
Attorneys for Defendant MENZIES AVIATION, INC.