# EXHIBIT 52

**DEPOSITION OF RANDALL DAVIES - 07/28/2020**

**RENALDO NAVARRO vs. MENZIES AVIATION, INC.**

CONDENSED TRANSCRIPT AND CONCORDANCE

PREPARED BY:

NOGARA REPORTING SERVICE
5 Third Street, Suite 415
San Francisco, CA  94103
Phone:  (415) 398-1889
FAX:  (415) 398-0611



**Page 1**

```
              IN THE UNITED STATES DISTRICT COURT
       IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA



RENALDO NAVARRO,
           Plaintiff,
   v.                           No.  3:19-CV-8157
MENZIES AVIATION, INC.,
   doing business as MENZIES
   and DOES 1 through 10,
   inclusive,

           Defendants.
   _____/
Zoom Remote Deposition of
       RANDALL DAVIES
  Tuesday, July 28, 2020





REPORTED BY:  CINDY TUGAW, CSR #4805


                NOGARA REPORTING SERVICE
                5 Third Street, Suite 415
               San Francisco, California 94103
                    (415) 398-1889
```

**Page 2**

```
                   I N D E X

                                        Page Number
EXAMINATION BY MR. URIARTE                   4
                    ---o0o---
                  E X H I B I T S
No Exhibits Marked
                    ---o0o---
```

**Page 3**

BE IT REMEMBERED that, pursuant to Notice of Taking Deposition and on Tuesday, the 28th day of July, 2020, commencing at the hour of 1:02 o'clock p.m. thereof, via Zoom videoconference, before me, CINDY TUGAW, a Certified Shorthand Reporter in the State of California, personally appeared,

RANDALL DAVIES,

called as a witness by the Plaintiff, having been by me first duly sworn, was examined and testified as hereinafter set forth.

---o0o---

APPEARANCES OF COUNSEL

For the Plaintiff
  LIBERATION LAW GROUP, P.C.
  2760 Mission Street
  San Francisco, California 94110
  BY:  ARLO GARCIA URIARTE, Attorney at Law
  (415) 695-1000

For the Defendants
  FOLEY & LARDNER, LLP
  555 California Street, Suite 1700
  San Francisco, California 94104
  BY:  JASON Y. WU, Attorney at Law
  (415) 984-9848

Also Present:  David Ho, Zoom Host.

---o0o---

**Page 4**

**THE REPORTER:** At this time, I will ask counsel to stipulate on the record that there is no objection to this deposition officer administering a binding oath to the witness via Zoom, starting with the noticing attorney.

**MR. URIARTE:** No objection.

**MR. WU:** And no objection from defendant, Menzies Aviation.

(Whereupon, the Witness was duly sworn by the Reporter.)

EXAMINATION BY MR. URIARTE

**MR. URIARTE: Q.** Good afternoon, Mr. Davies. Could we ask you to please state and spell your full legal name for the record.

**A.** It is Randall, R-a-n-d-a-l-l, Paul, P-a-u-l, Davies, D-a-v-i-e-s.

**Q.** Thank you, Mr. Davies. Thank you for being here. And I understand that you're here pursuant to a notice of deposition that you may have seen, is that correct?

**A.** I have not seen a deposition, only what my lawyer told me.

**Q.** Okay.

**A.** Be deposed at a deposition.

**Q.** Gotcha. My name is Arlo Uriarte. I am the

Page 5

(1) attorney for Renaldo Navarro in his action against
(2) Menzies Aviation. Do you understand that?
(3)     A. Yes.
(4)     Q. I think, right off the bat, I wanted to
(5) clarify, were you at all involved, maybe, in the
(6) suspension or termination of Mr. Navarro?
(7)     A. No.
(8)     Q. Could you state what your position was with
(9) Menzies Aviation in August of 2018.
(10)     A. I was the senior vice president of U.S. fuel
(11) consortiums, and that's the position I have today.
(12)     Q. Okay. And in that position you had the San
(13) Francisco International Airport fuelers within your
(14) jurisdiction, I would say?
(15)     A. No.
(16)     Q. Oh, okay. So the San Francisco fuelers were
(17) not within your area of responsibility?
(18)     A. No, I only have the fuel farm employees only
(19) at San Francisco Airport.
(20)     Q. So would it be safe to say that Renaldo
(21) Navarro, who was a fueling supervisor, was not within
(22) your area of responsibility or one of the employees
(23) within your supervisory kind of role?
(24)     A. That's correct.
(25)     Q. All right. So do you have any knowledge

Page 6

(1) whatsoever with regards to the events and the process
(2) they went through with regards to Renaldo Navarro and
(3) his termination?
(4)     A. I'm only aware of what my lawyer told me --
(5) our lawyer told us. Prior to this --
(6)     Q. Let me just stop you there. We are not
(7) entitled to any information regarding your conversation
(8) with your attorney, between you and your attorney.
(9)     A. Okay.
(10)     Q. So I don't want to be purview to that, and I
(11) don't want you to inadvertently waive that privilege.
(12)     A. Okay.
(13)     Q. I think it's best that you protect that
(14) privilege.
(15)         So you were saying you are only aware of --
(16) maybe I'll paraphrase for you and see if it's better
(17) this way.
(18)         You were only made aware because of this
(19) litigation and your attorney alerting you to it? Is
(20) that a good way of putting it?
(21)     A. Yes. Correct.
(22)     Q. But as the events were happening, you were not
(23) at all involved in that?
(24)     A. Not at all, no.
(25)     Q. Okay. Great. That makes for a very short --

Page 7

(1) that's why I wanted to make sure. For one reason or
(2) another, you are listed as a witness here. And maybe
(3) that was an error or maybe that is just because we were
(4) not aware of the difference. Maybe you could explain
(5) that to us.
(6)         The San Francisco farm employees as opposed to
(7) the San Francisco International Airport employees, can
(8) you just kind of explain that distinction?
(9)     A. Yes, I can. So in San Francisco there's two
(10) operations operated by Menzies. One is the into-plane
(11) fueling operation which reports to another vice
(12) president, okay, and then also is the fuel facility or
(13) fuel farm employees that report directly to me.
(14)     Q. Okay.
(15)     A. Two operations of the same company, but two
(16) different reporting structures.
(17)     Q. Gotcha. Gotcha. And who would be that other
(18) vice president that's involved in the other side of the
(19) operations?
(20)     A. At this time, it is Joe Conlon.
(21)     Q. And then, in August of 2018, do you know?
(22)     A. It would have been Kevin Brown.
(23)     MR. URIARTE: Okay. Well, thank you. I mean,
(24) with that, Mr. Davies, I will not pursue any other line
(25) of questioning.

Page 8

(1)         I don't know, Mr. Wu, if you have a
(2) different -- if you have other questions.
(3)     MR. WU: No questions on my end, Arlo.
(4)     MR. URIARTE: Okay. Thank you, Mr. Davies. Sorry
(5) for subjecting you to this process. It looks like we
(6) have the wrong person, the wrong vice president.
(7)     THE WITNESS: Okay. No problem. Thank you. Have
(8) a great day.
(9)     MR. WU: Thank you very much, Randy.
(10)     (Whereupon, the deposition
(11)     concluded at 1:07 o'clock p.m.)
(12)             ---o0o---

## Page 9

                    CERTIFICATE OF WITNESS
                           ---o0o---

        I, RANDALL DAVIES, hereby declare under
penalty of perjury that I have read the foregoing
deposition testimony; and that the same is a true
and correct transcription of my said testimony
except as corrected pursuant to my rights under
Rule 30(e) of the Federal Rules of Civil
Procedure.


                    _____
                              Signature


                    _____
                                Date

## Page 10

(1) STATE OF CALIFORNIA    )
                           )
(2) COUNTY OF SAN FRANCISCO )

        I, CINDY TUGAW, a Certified Shorthand Reporter
of the State of California, duly authorized to
administer oaths pursuant to Section 8211 of the
California Code of Civil Procedure, do hereby certify
that
                    RANDALL DAVIES,
the witness in the foregoing deposition, was by me duly
sworn to testify the truth, the whole truth and nothing
but the truth in the within-entitled cause; that said
testimony of said witness was reported by me, a
disinterested person, and was thereafter transcribed
under my direction into typewriting and is a true and
correct transcription of said proceedings.
        I further certify that I am not of counsel or
attorney for either or any of the parties in the
foregoing deposition and caption named, nor in any way
interested in the outcome of the cause named in said
caption.
        Dated the 7th day of August, 2020.




                    CINDY TUGAW
                    CSR No. 4805 (California)

## Page 11

Randall Davies
c/o Foley & Lardner
555 California Street, Suite 1700
San Francisco, CA 94104
Attn: Jason Y. Wu, Esq.
Date: August 7th, 2020
Re:  Navarro vs. Menzies Aviation
Deposition Date:  Tuesday, July 28, 2020
Dear Mr. Davies,
        Please be advised the original transcript of your deposition is ready for your review.
        Pursuant to FRCP Rule 30(e), you have 30 days following the date of this notice to read, correct if necessary, and sign your transcript unless the attending parties and the deponent agree on the record or otherwise in writing to a longer or shorter time period.  The deponent may change the form or the substance of the answer to a question, and may either approve the transcript of the deposition by signing it, or refuse to approve the transcript by not signing it.  You are not required by law to read and sign your deposition transcript.  All parties will be informed of the corrections.  The original transcript will then be sealed and sent to the examining attorney pursuant to the applicable law.
        You may either come to our office to read and sign the original transcript, or you may contact your attorney or the attorney who arranged for you to be present at your deposition.  If they have ordered a copy of the transcript, you may review their copy and make corrections by submitting, signing and returning the attached form.  If you choose to review your transcript at our office, please call first to make an appointment.  Should you have any question regarding these instructions, please call.
Sincerely,


NOGARA REPORTING SERVICE
5 Third Street, Suite 415
San Francisco, California 94103
(415) 398-1889
cc:  All counsel, original deposition