CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

JASON WU, CA Bar No. 313368
  jwu@foley.com
SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
  sabarbanel@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:   415.434.4507

Attorneys for Defendant MENZIES
AVIATION, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renaldo Navarro, | ) Case No. 3:19-cv-8157 |
| Plaintiff, | ) |
| | ) **DEFENDANT MENZIES AVIATION,** |
| vs. | ) **INC.'S FURTHER SUPPLEMENTAL** |
| | ) **APPENDIX OF EVIDENCE IN RESPONSE** |
| | ) **TO COURT'S ORDER TO SUPPLEMENT** |
| Menzies Aviation, Inc., DOING BUSINESS AS | ) **THE RECORD** |
| MENZIES; and DOES 1 through 10, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) State Court Action Filed: 10/23/19 |
| | ) |
| | ) Action Removed: December 16, 2019 |
| | ) |

4826-9174-3189.1

1    In response to the Court's Order of December 23, 2020 directing Defendant Menzies Aviation,

2  Inc. to supplement the record on summary judgment, Menzies hereby submits this Further Supplemental

3  Appendix of Evidence with true and correct copies of the materials requested by the Court.

| Exhibit | Description |
|---------|-------------|
| 53. | Further Supplemental Declaration of Christopher Ward |
| 54. | August 23, 2018 Employee Performance Development Suspension Notice regarding Plaintiff Renaldo Navarro (authenticated at 46:4-48-13 of the previously-filed Exhibit 48) |
| 55. | August 29, 2018 Notice To Employees As To Change In Relationship issued to Plaintiff Renaldo Navarro (containing both the Navarro-produced and Menzies-produced versions, along with extracts of Plaintiff's deposition testimony providing additional authentication for the document) |

DATED:  December 28, 2020

FOLEY & LARDNER LLP
Christopher Ward
Jason Wu
Sara Alexis Levine Abarbanel


_____/s/ Christopher Ward_____
CHRISTOPHER WARD
Attorneys for Defendant MENZIES AVIATION, INC.

4826-9174-3189.1

# EXHIBIT 53

CHRISTOPHER WARD, CA Bar No. 238777
cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:   213.972.4500
FACSIMILE:    213.486.0065

JASON WU, CA Bar No. 313368
jwu@foley.com
SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
sabarbanel@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:   415.434.4484
FACSIMILE:    415.434.4507

Attorneys for Defendant MENZIES
AVIATION, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renaldo Navarro, | Case No. 3:19-cv-8157 |
| Plaintiff, | **FURTHER SUPPLEMENTAL DECLARATION OF CHRISTOPHER WARD** |
| vs. | |
| Menzies Aviation, Inc., DOING BUSINESS AS MENZIES; and DOES 1 through 10, inclusive, | |
| Defendants. | State Court Action Filed: 10/23/19 |
| | Action Removed:  December 16, 2019 |

4843-0082-4053.1

1

### SUPPLEMENTAL DECLARATION OF CHRISTOPHER WARD

2       I, Christopher Ward, declare as follows:

3       1.      I am an attorney admitted to practice before all state and federal courts in the State of

4  California, including the United States District Court for the Northern District of California, and a

5  partner at Foley & Lardner LLP, counsel of record for Defendant Menzies Aviation, Inc. I have

6  personal knowledge of the facts contained in this declaration, and if called upon as a witness, I could and

7  would competently testify thereto.

8       2.      On August 23, 2018, Menzies' Duty Manager John Qually attempted to deliver to

9  Renaldo Navarro an Employee Performance Development Document informing him of Menzies'

10 decision to suspend him pending an investigation. Mr. Qually noted on that document that Mr. Navarro

11 refused to sign it. Menzies produced a copy to Plaintiff Bates marked as MENZIES _000099. A true

12 and correct copy of that suspension notice is attached hereto as **Exhibit 54**. Additionally, Mr. Qually's

13 testimony, found at 46:4-48:13 of the previously filed Exhibit 48, authenticates this document.

14      3.      On August 29, 2018, Menzies notified Mr. Navarro that it was terminating his

15 employment and issued him a written notice memorializing the reasons for that decision. Plaintiff

16 refused to sign a copy of that notice, but retained a copy and produced it to Menzies, Bates marked as

17 RenaldoNavarro 000004. Menzies also produced a copy of the same document to Mr. Navarro

18 (although Mr. Navarro's copy is easier to read) as MENZIES_000083. A true and correct copy of this

19 termination notice, containing both the Navarro and Menzies versions, along with the deposition

20 testimony of Mr. Navarro offering additional authentication, is attached hereto as **Exhibit 55**.

21      I declare under penalty of perjury under the laws of the States of California and Illinois, and the

22 laws of the United States, that the foregoing is true and correct.

23      Executed on December 28, 2020 at Elmhurst, Illinois.

24

25

26      _/s/ Christopher Ward_
        Christopher Ward

27

28

4843-0032-4053.1

# EXHIBIT 54



# EMPLOYEE PERFORMANCE DEVELOPMENT

| EMPLOYEE NAME | Renaldo R. Navarro | | TODAY'S DATE: | 8/20/18 |
|---|---|---|---|---|
| AIRPORT/ LOCATION: | SFO | CLOCK#: 200827 | DEPARTMENT: SFO-ITP | |
| JOB TITLE: | Fueling Supervisor II | | | |

## INCIDENT DESCRIPTION GOAL/EXPECTATION

[ ] Attendance    [X] Conduct    [ ] Safety    [ ] Work Performance

Nature of Incident:  Unpaid suspension pending investigation.

Goal / Expectation: It is expected that employees follow all policies and procedures.  Failure to follow Company policies and procedures will result in further disciplinary action up to and including termination.

[ ] Coaching    [X] Suspension

[ ] Level 1    [ ] Demotion to : _____

[ ] Level 2    [ ] Final Warning

## EMPLOYEE GOALS/CORRECTIVE ACTIONS

Employee's Comments:

RAY NAVARO Refused to Sign.

## SIGNATURES

| _[signature]_ | JOHN QUALLY | 8/22/18 |
|---|---|---|
| Signature of Supervisory Manager | Print Name | Date |
| | | |
| Signature of Hr/Senior Management | Print Name | Date |
| | | |
| Employee Signature Received | | Date |

MENZIES_000099

# EXHIBIT 55

# MENZIES AVIATION

### NOTICE TO EMPLOYEES AS TO CHANGE IN RELATIONSHIP
(Termination Notice Pursuant to Provisions on Section 1089 of the California Unemployment Insurance Code)

NAME: ___Renaldo Navarro___     **SSN:** ___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___

Your employment status has changed for the reason(s) checked below:

☐ You are being suspended from work on _____, 20 ____

☒ You are being laid off or terminated on ___29-Aug-18_____, 20 ____

☐ You are choosing to quit your job on _____, 20 ____

☐ You are going on leave of absense starting _____, 20 ____

with a return to work date of _____, 20 ____

The reason(s) for the separation:

☐ Voluntary quit.

☐ Layoff due to unavailable work.

☐ Leave of absence for reason(s) specified in the comment section below.

☐ Discharged for cause as specified in the comment section below.

☐ Refusal to accept avaiable work. Job refused is described in the comment section below.

Comments: ___"Code of Conduct"_____

_____

_____

_____

Human Resource Signature _____     Menzies Aviation-650-697-7260
                                                **Company**

Date ___8/29/18___ ____

### Notice of Acknowledgement

I received a copy of this notice on _____ 20 ___

Signed _Rey rec'd copy refused to sign TH_
8/29/18

*Notice to Manager/Supervisor: Give employee a copy of signed notice. Forward original and all associated documentation (including Employee Status Change Notice) to Human Resources.*

jrs\c:mydocuments\humanresources\hrforms\ (revised 5/01)

# MENZIES AVIATION

**NOTICE TO EMPLOYEES AS TO CHANGE IN RELATIONSHIP**
(Termination Notice Pursuant to Provisions on Section 1089 of the California Unemployment Insurance Code)

NAME: ___Renaldo Navarro___     SSN: ___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___

**Your employment status has changed for the reason(s) checked below:**

[ ] You are being suspended from work on _____, 20 ___

[x] You are being laid off or terminated on ___29-Aug-18___, 20 ___

[ ] You are choosing to quit your job on _____, 20 ___

[ ] You are going on leave of absense starting _____, 20 ___

with a return to work date of _____, 20 ___

The reason(s) for the separation:

[ ] Voluntary quit.

[ ] Layoff due to unavailable work.

[ ] Leave of absence for reason(s) specified in the comment section below.

[ ] Discharged for cause as specified in the comment section below.

[ ] Refusal to accept avaiable work. Job refused is described in the comment section below.

Comments: ___"Code of Conduct"___

_____

_____

_____

Human Resource Signature     Menzies Aviation-650-697-7260
     Company

Date ___8/29/18___

**Notice of Acknowledgement**

I received a copy of this notice on _____, 20 ___

Signed _Rey rec'd copy refused to sign_ (TH)
     8/29/18

*Notice to Manager/Supervisor: Give employee a copy of signed notice. Forward original and all associated documentation*
*(including Employee Status Change Notice) to Human Resources.*

jrs\c:mydocuments\humanresources\hrforms\ (revised 5/01)

MENZIES_000083

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENALDO NAVARRO,                  )  **CERTIFIED COPY**
                                  )
            Plaintiff,            )
                                  )
      vs.                         )  Case No.
                                  )  3:19-cv-08157-VC
MENZIES AVIATION, INC., DOING     )
BUSINESS AS MENZIES; and          )
DOES 1 through 10, inclusive,     )
                                  )
            Defendants.           )
_____)

        Webex deposition of RENALDO NAVARRO, VOLUME I,
taken remotely on behalf of the Defendant, beginning at
9:41 a.m. and ending at 4:23 p.m., on Thursday,
July 23, 2020, before JOANNA B. BROWN, Certified
Shorthand Reporter No. 8570, RPR, CRR, RMR.

2

```
 1   APPEARANCES OF COUNSEL:
 2   FOR PLAINTIFF RENALDO NAVARRO:
 3           LIBERATION LAW GROUP, P.C.
             BY:  ARLO GARCIA URIARTE, ESQ.
 4           2760 Mission Street
             San Francisco, California 94110
 5           (415) 695-1000
             (415) 695-1006 Fax
 6           arlo@liberationlawgroup.com
 7   FOR DEFENDANT MENZIES AVIATION, INC., dba MENZIES:
 8           FOLEY & LARDNER LLP
             BY:  CHRISTOPHER G. WARD, ESQ.
 9           555 South Flower Street, Suite 3300
             Los Angeles, California 90071-2411
10           (213) 972-4500
             (213) 486-0065 Fax
11           cward@foley.com
12   ALSO PRESENT:
13           CAROLINE CARRERA, TAGALOG INTERPRETER #301298
14
15
16
17
18
19
20
21
22
23
24
25
```

3

```
 1                   I N D E X
 2   EXAMINATION OF:                            PAGE
 3   RENALDO NAVARRO
 4
 5         BY MR. WARD                            7
 6         BY MR. URIARTE                       115
 7
 8             E X H I B I T S
 9   DEFENDANT'S                                PAGE
10   Exhibit 1   Aircraft Service International
                 Group "Incident Report" dated
11               March 18, 2007, Bates
                 No. MENZIES_000146 (1 page)     34
12
     Exhibit 2   Aircraft Service International
13               Group "Notice to Employees as to
                 Change in Relationship," Bates
14               Nos. MENZIES_000143 and
                 MENZIES_000144 (2 pages)        35
15
     Exhibit 3   Aircraft Service International
16               Group "Incident Report" dated
                 March 30, 2009, Bates
17               No. MENZIES_000140 (1 page)     38
18   Exhibit 4   "Employee Coaching Document"
                 for a May 30, 2009, warning,
19               Bates No. MENZIES_000139 (1 page)  39
20   Exhibit 5   "Employee Coaching Document"
                 for a May 18, 2010, warning,
21               Bates Nos. MENZIES_000135 and
                 MENZIES_000136 (2 pages)        40
22
     Exhibit 6   "Employee Coaching Document"
23               for a May 3, 2012, warning,
                 Bates No. MENZIES_000126 (1 page)  41
24
     Exhibit 7   June 30, 2013, warning document,
25               Bates No. MENZIES_000127 (1 page)  42
```

4

```
 1                    E X H I B I T S
 2   DEFENDANT'S                                      PAGE
 3   Exhibit 8   Letter to "Menzies Management"
                 from Menzies fueler, Bates
 4               Nos. MENZIES_000152 -
                 MENZIES_000154 (3 pages)              54
 5
     Exhibit 9   Second petition against
 6               Andrew Dodge, Bates
                 No. MENZIES_000150 (1 page)           54
 7
     Exhibit 10  Text-message exchange, Bates
 8               No. MENZIES_000088 (1 page)           56
 9   Exhibit 11  Handwritten statement by
                 Christopher Lawrence, Bates
10               No. MENZIES_000086 (1 page)           64
11   Exhibit 12  Handwritten statement by
                 Andrew Dodge August 16, 2018,
12               Bates No. MENZIES_000089
                 (1 page)                              66
13
     Exhibit 13  "Employee Performance Development,"
14               Bates No. MENZIES_000099 (1 page)     79
15   Exhibit 14  Typed statement by John Qually,
                 Bates No. MENZIES_000084 (1 page)     82
16
     Exhibit 15  Set of documents produced, Bates
17               Nos. RenaldoNavarro 000001 -
                 RenaldoNavarro 000014 (14 pages)      95
18
     Exhibit 16  Plaintiff's Initial Disclosures
19               Pursuant to Federal Rule of
                 Civil Procedure 26(a)(1)
20               (3 pages)                            105
21
22                  UNANSWERED QUESTIONS
23                   PAGE     LINE
24                    14       10
25
```

5

1              Remotely; Thursday, July 23, 2020

2                        9:41 a.m.

3

4                     CAROLINE CARRERA,

5        having been duly sworn, translated English into

6         Tagalog and Tagalog into English as follows:

7

8                     RENALDO NAVARRO,

9              having been duly sworn, was examined

10                  and testified as follows:

11

12         THE REPORTER:  Good morning.  My name is

13    Joanna Brown.  I am a California certified stenographic

14    reporter.  Due to the current national emergency of the

15    COVID-19 virus, this deposition is being handled via

16    remote means.

17         Today's date is Thursday, July 23, 2020, and

18    the time is approximately 9:41 a.m.  This is the

19    deposition of Renaldo Navarro in the matter of

20    Renaldo Navarro v. Menzies Aviation, Inc.  This is

21    venued in the United States District Court, Northern

22    District of California.  The case number is

23    3:19-cv-08157-VC.

24         At this time, I will ask counsel to identify

25    yourselves, state who you represent, and agree on the

6

```
 1   record that there is no objection to this deposition

 2   officer administering a binding oath to the witness

 3   via Webex.  Let's start with the noticing attorneys.

 4          MR. WARD:  Christopher Ward of

 5   Foley & Lardner, representing Menzies Aviation, and I

 6   have no such objection.

 7          MR. URIARTE:  Arlo Uriarte for Plaintiff

 8   Renaldo Navarro.  No objection.

 9          THE REPORTER:  You do solemnly state that you

10   will accurately and correctly translate from English to

11   Tagalog and Tagalog to English to the best of your

12   ability so help you God?

13          THE INTERPRETER:  I do.

14          THE REPORTER:  Mr. Navarro, would you raise

15   your right hand, please.  You do solemnly state that

16   the testimony you shall give in this matter will be the

17   truth, the whole truth, and nothing but the truth?

18          THE WITNESS:  I do.

19          THE REPORTER:  Thank you.

20                      EXAMINATION

21   BY MR. WARD:

22     Q    All right.  Well, good morning, Mr. Navarro.

23   I just introduced myself on the record.  My name is

24   Christopher Ward, and I represent Menzies Aviation.

25   Thanks for being available this morning.
```

7

1            MR. URIARTE:  Objection.  Vague and ambiguous.

2            THE WITNESS:  How can I refuse to sign if I

3    did not receive any letter?

4            MR. URIARTE:  Chris, I'm going to need two

5    minutes with Mr. Navarro.  I need to refresh his soul.

6    You are asking him questions directly.  Let me have two

7    minutes with Mr. Navarro.

8            MR. WARD:  All right.  Let's just take five.

9    We'll resume at 2:30.

10           MR. URIARTE:  Thank you.

11           MR. WARD:  We are off the record.

12           (Off the record.)

13   BY MR. WARD:

14      Q    Let me see if I can get a clear answer to this

15   question:  Were you provided any documentation that you

16   refused to sign?

17      A    The one that I remember I refused to sign was

18   the termination letter.

19      Q    And other than a letter explicitly

20   communicating that you were terminated, your testimony

21   is there's nothing else you refused to sign in

22   connection with this petition involving Andrew Dodge;

23   is that correct?

24           THE INTERPRETER:  I'm sorry.  Please repeat

25   the question, Mr. Ward.

81

1                MR. WARD:  Sure.

2        Q    Other than this termination letter, is it your

3    testimony that you did not refuse to sign any other

4    documents regarding the petition against Andrew Dodge

5    or your suspension?

6        A    Will you please repeat that.

7        Q    Sure.  Let me just see if I can make this as

8    simple as possible.

9                Is the termination letter the only document

10   you can recall receiving relating to this petition or

11   your suspension that you refused to sign?

12       A    Yes, sir.

13       Q    Were you also provided a copy of that

14   termination letter?

15       A    Yes, sir.

16       Q    Did you provide a copy of that termination

17   letter to your counsel?

18       A    Yes, sir.

19                MR. WARD:  All right.  I am going to mark as

20   Exhibit 14 a document that's Bates-marked No. -84.

21                (Deposition Exhibit 14 was marked for

22                identification by the reporter, a

23                copy of which is attached hereto.)

24   BY MR. WARD:

25       Q    Mr. Navarro, let me know when you've had an

82

```
1               THE INTERPRETER:  I'm sorry.  Please repeat
2     that.
3     BY MR. URIARTE:
4          Q    The petition was signed by at least one
5     supervisor; is that correct?
6          A    Yes.
7          Q    Do you know how many signed -- how many
8     supervisors signed the petition?
9          A    Two, sir.
10         Q    What are those names?
11         A    July Macapagal.
12         Q    Who else?
13         A    And Renaldo Navarro, myself.
14              MR. URIARTE:  No further questions.
15              MR. WARD:  Give me just a second.
16              All right.  I have no follow-up at this point.
17    Counsel and I agreed off the record that we would not
18    be concluding Mr. Navarro's deposition subject to some
19    questioning about his -- or I should say potential
20    questioning about Mr. Navarro's settlement agreement
21    with Swissport, which we'll meet and confer about as
22    necessary; but, otherwise, we can conclude today's
23    deposition, at least this first and potentially last
24    day of Mr. Navarro's deposition.  And at this point --
25    we don't do any stipulations on the record anymore, at
```

117

1    least in San Francisco.  Some L.A. attorneys still do

2    it unless there's something that you want to add, Arlo.

3            MR. URIARTE:  No.

4            MR. WARD:  All right.  I think we are

5    concluded, then, for the day.  I appreciate everybody's

6    time and patience with this process, especially with

7    the technology glitches on my end.  Off the record.

8            (Deposition session concluded at 4:23 p.m.)

9                            -oOo-

10

11

12            I certify (or declare) under penalty of

13    perjury under the laws of the State of California that

14    the foregoing is true and correct.

15

16    Executed at _____ on _____.
                        (Place)                  (Date)

17

18            _____
                        (Signature of Deponent)

19

20

21

22

23

24

25

                                                          118

```
 1              DEPOSITION OFFICER'S CERTIFICATE

 2   STATE OF CALIFORNIA )

                        ) ss.

 3   COUNTY OF ORANGE    )

 4

 5           I, Joanna B. Brown, hereby certify:

 6           I am a duly qualified Certified Shorthand

 7   Reporter in the State of California, holder of

 8   Certificate Number CSR 8570 issued by the Court

 9   Reporters Board of California and which is in full

10   force and effect. (Fed. R. Civ. P. 28(a)).

11           I am authorized to administer oaths or

12   affirmations pursuant to California Code of Civil

13   Procedure, Section 2093(b) and prior to being examined,

14   the witness was first duly sworn by me.

15   (Fed R. Civ. P. 28(a), 30(f)(1)).

16           I am not a relative or employee or attorney or

17   counsel of any of the parties, nor am I a relative or

18   employee of such attorney or counsel, nor am I

19   financially interested in this action.

20   (Fed R. Civ. P. 28).

21           I am the deposition officer that

22   stenographically recorded the testimony in the

23   foregoing deposition, and the foregoing transcript is a

24   true record of the testimony given by the witness.

25   (Fed. R. Civ. P. 30(f)(1)).
```

119

1          Before completion of the deposition, review of

2    the transcript [XX] was [ ] was not requested.  If

3    requested, any changes made by the deponent (and

4    provided to the reporter) during the period allowed,

5    are appended hereto. (Fed. R. Civ. P. 30(e)).

6

7

8    Dated: August 4, 2020

9

10                        _Joanna B. Brown_

11                        _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                           120