UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MENZIES AVIATION, INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-08157-VC<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 28 |

　　　　The Court has determined that it would not be appropriate to consider Dodge's alleged race-based harassment of Filipino fuelers in ruling on summary judgment with respect to Navarro's race discrimination claim. After reviewing the entire record, including the complaint, the case summaries provided in multiple joint case management statements, and depositions conducted by plaintiff's counsel prior to the motion, it is clear that Navarro improperly sandbagged Menzies by including this previously undisclosed set of allegations and supporting declarations in his opposition to the pending motion, after discovery had been completed.

　　　　Thus, the Court must decide whether to rule on the summary judgment motion while excluding the new evidence, or deny the motion without prejudice and reopen discovery to allow Menzies to explore these new allegations. The following questions are relevant to that issue:

　　　　(1) What is the proper legal standard for deciding whether to reopen discovery as opposed to simply deciding the motion without considering the new allegations and evidence?

　　　　(2) What sort of prejudice would Menzies suffer if the Court decided to reopen discovery, permitting Menzies to file a renewed motion for summary judgment

thereafter?

(3) Would it be appropriate to condition the reopening of discovery on payment of all or part of the costs and fees Menzies has incurred up to this point? If so, what portion of costs and fees should be paid?

(4) Could the Court order the plaintiff's lawyers, as opposed to the plaintiff himself, to pay those costs and fees? Could the Court order that the plaintiff and his lawyers be jointly and severally liable?

(5) For Menzies: Assuming the Court could order payment of costs and fees Menzies has incurred up to this point as a condition of reopening discovery, what are Menzies' total costs and fees?

(6) For Navarro: Assuming the Court has authority to condition reopening discovery on payment of costs and fees, does Navarro prefer that the Court: (a) simply decide the summary judgment motion now without considering the new allegations and evidence about race-based harassment by Dodge; or (b) reopen discovery conditioned on the payment of costs and fees?

Menzies must address these questions in a supplemental brief and any supporting documents to be filed by January 15, 2021 at 5:00 p.m. Navarro must file a supplemental brief and any supporting documents addressing these questions by January 22, 2021 at 5:00 p.m. The briefs should not exceed 15 pages. The parties should be prepared to discuss the issue at the February 2 case management conference, which will be held on the record.

**IT IS SO ORDERED.**

Dated: January 7, 2020

VINCE CHHABRIA
United States District Judge