Arlo Garcia Uriarte, SBN 231764
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile:  (415) 695-1006

Attorneys for Plaintiff
**RENALDO NAVARRO**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO,<br><br>        Plaintiff,<br><br>    v.<br><br>MENZIES AVIATION INC., doing business as MENZIES; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:  3:19-CV-08157-VC<br><br>**PLAINTIFF RENALDO NAVARRO'S RESPONSES TO DEFENDANT MENZIES AVIATION, INC.'S SPECIAL INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:    Defendant MENZIES AVIATION, INC.

RESPONDING PARTY:     Plaintiff RENALDO NAVARRO

SET NO.:                        ONE

    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Renaldo Navarro

("Plaintiff" or "Responding Party"), based on his current knowledge, understanding and belief of the

facts and on the information available to him as of the date on which the these responses are made,

hereby submits the following objections and responses to Defendant Menzies Aviation, Inc.'s Special

Interrogatories, Set One.

//

//

//

//

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff's Responses to Defendant's Special Interrogatories, Set One*

1

## PRELIMINARY STATEMENT

Responding Party makes these responses solely for the purpose of this action. Responding Party has not completed its discovery or investigation of the facts underlying this lawsuit and has not completed its preparation of this case for trial. Accordingly, Responding Party provides these responses without prejudice to its right to use or produce at a later date evidence of any subsequently discovered facts or interpretations thereof.

These responses are made without prejudice to Responding Party's right to Supplement or amend these responses in the event that any information previously available to Responding Party may have been omitted by oversight, inadvertence, or good faith error or mistake.

Any information provided in response to Defendant's Special Interrogatories is subject to any and all objections regarding competence, relevance, materiality, propriety and admissibility. Responding Party reserves these objections and any other objections not stated herein that would require the exclusion of any information, if such information is offered as evidence at any time during this action. Responding Party may interpose these objections at any time prior to and during the trial of this case.

Responding Party makes no incidental or implied admissions by these responses. Accordingly, Defendant shall not construe Responding Party's response or objection to any Interrogatory as Responding Party 's admission that it accepts or admits the existence of any facts assumed by the Interrogatory, and Defendant shall not construe Responding Party's response or objection as admissible evidence of any such assumed facts.

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1

Please state the names, addresses and phone numbers of all persons who YOU contend are witnesses to the allegations contained in the COMPLAINT.

### RESPONSE TO SPECIAL INTERROGATORY NO. 1

Responding Party objects to the extent that this interrogatory seeks or encompasses documents and information protected by third party's right to privacy and Propounding Party has not demonstrated direct relevance, or a compelling interest or need in the private information sought by this

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff's Responses to Defendant's Special Interrogatories, Set One*

2

interrogatory, nor has Propounding Party explored less obtrusive means to seek or to obtain directly relevant information. Responding Party further objects to the extent that this interrogatory seeks or encompasses information protected by the attorney-client privilege and/or attorney work product doctrine. Without waiving these specific objections, Responding Party responds as follows:

1.    Jezen Canlas, address unknown, 650-452-3810;

2.    Rafael Vasquez, address unknown, 510-715-0014;

3.    Lorvino Samonte, address unknown, 650-451-8701;

4.    July Macapagal, address unknown, 650-270-1968;

5.    Andrew Dodge, address and phone number unknown;

6.    William Rodriguez, address and phone number unknown;

7.    Anastacio Manuel, address and phone number unknown;

8.    Ricardo Almelda, address and phone number unknown;

9.    Patrick Moran, address and phone number unknown;

10.    Rex Tosan, address and phone number unknown;

11.    Wesley Faatalale, address and phone number unknown.

## SPECIAL INTERROGATORY NO. 2

Please state with particularity the knowledge that each alleged witness to the COMPLAINT has that is in any way relevant to the allegations contained in the COMPLAINT.

## RESPONSE TO SPECIAL INTERROGATORY NO. 2

Responding Party objects to this request on the ground that this interrogatory is vague and ambiguous so as to make a response impossible without speculation as to the meaning of the question. Responding Party further objects to the extent that this interrogatory seeks or encompasses information protected by the attorney-client privilege and/or attorney work product doctrine. Without waiving these specific objections, Responding Party responds as follows:

1.    Jezen Canlas – Existence of the petitions filed against Andrew Dodge, Defendant's discrimination committed against Plaintiff on the basis of his race and national origin for favoring Andrew Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's employment

*Navarro v. Menzies Aviation, Inc.*, Case No. 13-cv-08157-vc
*Plaintiff's Responses to Defendant's Special Interrogatories, Set One*

3

1    was suspended and terminated because Plaintiff signed the Petition against Andrew Dodge

2    as an act of Retaliation.

3    2.    Rafael Vasquez – Existence of the petitions filed against Andrew Dodge, Rafael's

4    initiative to author the second petition against Andrew Dodge, Defendant's discrimination

5    committed against Plaintiff on the basis of his race and national origin for favoring Andrew

6    Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's employment was suspended

7    and terminated because Plaintiff signed the Petition against Andrew Dodge as an act of

8    Retaliation.

9    3.    Lorvino Samonte – Existence of the petitions filed against Andrew Dodge, Defendant's

10    discrimination committed against Plaintiff on the basis of his race and national origin for

11    favoring Andrew Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's employment

12    was suspended and terminated because Plaintiff signed the Petition against Andrew Dodge

13    as an act of Retaliation.

14    4.    July Macapagal – Existence of the petitions filed against Andrew Dodge, Defendant's

15    discrimination committed against Plaintiff on the basis of his race and national origin for

16    favoring Andrew Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's employment

17    was suspended and terminated because Plaintiff signed the Petition against Andrew Dodge

18    as an act of Retaliation.

19    5.    Andrew Dodge – Existence of the petitions filed against him, the complaints made by

20    the fuelers against him, and Plaintiff's employment was suspended and terminated because

21    Plaintiff signed the Petition against Andrew Dodge as an act of Retaliation.

22    6.    William Rodriguez – Existence of the petitions filed against Andrew Dodge,

23    Defendant's discrimination committed against Plaintiff on the basis of his race and national

24    origin for favoring Andrew Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's

25    employment was suspended and terminated because Plaintiff signed the Petition against

26    Andrew Dodge as an act of Retaliation.

27    7.    Anastacio Manuel – Existence of the petitions filed against Andrew Dodge, Defendant's

28    discrimination committed against Plaintiff on the basis of his race and national origin for

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff's Responses to Defendant's Special Interrogatories, Set One*

4

favoring Andrew Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's employment was suspended and terminated because Plaintiff signed the Petition against Andrew Dodge as an act of Retaliation.

8.      Ricardo Almelda – Existence of the petitions filed against Andrew Dodge, Defendant's discrimination committed against Plaintiff on the basis of his race and national origin for favoring Andrew Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's employment was suspended and terminated because Plaintiff signed the Petition against Andrew Dodge as an act of Retaliation.

9.      Patrick Moran – Existence of the petitions filed against Andrew Dodge, Defendant's discrimination committed against Plaintiff on the basis of his race and national origin for favoring Andrew Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's employment was suspended and terminated because Plaintiff signed the Petition against Andrew Dodge as an act of Retaliation.

10.      Rex Tosan – Existence of the petitions filed against Andrew Dodge, Defendant's discrimination committed against Plaintiff on the basis of his race and national origin for favoring Andrew Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's employment was suspended and terminated because Plaintiff signed the Petition against Andrew Dodge as an act of Retaliation.

**11.**      Wesley Faatalale – Existence of the petitions filed against Andrew Dodge, Defendant's discrimination committed against Plaintiff on the basis of his race and national origin for favoring Andrew Dodge, a Caucasian, over Plaintiff, a Filipino, and Plaintiff's employment was suspended and terminated because Plaintiff signed the Petition against Andrew Dodge as an act of Retaliation.

**SPECIAL INTERROGATORY NO. 3**

Please state each and every item of damages that YOU claim YOU suffered by reason of the occurrences that form the subject matter of the COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3**

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff's Responses to Defendant's Special Interrogatories, Set One*

5

1 Responding Party objects to this request on the ground that this interrogatory is vague and

2 ambiguous so as to make a response impossible without speculation as to the meaning of the question.

3 Without waiving these specific objections, Responding Party responds as follows:

4 (1) Compensatory damages;

5 (2) Consequential damages;

6 (3) Statutory damages;

7 (4) Punitive damages; and

8 (5) Emotional distress damages.

9 **SPECIAL INTERROGATORY NO. 4**

10 Please IDENTIFY any and all DOCUMENTS that support the existence or amount of any item

11 of damages claimed in Interrogatories Nos. 3.

12 **RESPONSE TO SPECIAL INTERROGATORY NO. 4**

13 Responding Party objects to this request on the ground that this interrogatory is vague and

14 ambiguous so as to make a response impossible without speculation as to the meaning of the question.

15 Responding Party also objects on the ground that it seeks information that is in violation of Responding

16 Party's constitutionally protected right to privacy. Without waiving these specific objections,

17 Responding Party responds as follows:

18 Plaintiff's medical records, W-2 forms and Earnings Summary of Plaintiff from September

19 2018 until the present.

20 **SPECIAL INTERROGATORY NO. 5**

21 Please state the names, addresses and phone numbers of all psychologists, psychoanalysts,

22 and/or psychotherapists that YOU have visited in the last 10 years.

23 **RESPONSE TO SPECIAL INTERROGATORY NO. 5**

24 Responding Party objects to this request on the ground that this interrogatory is oppressive and

25 burdensome as to the time and scope of the request which is "in the last 10 years." Responding Party

26 also objects on the ground that it seeks information that is in violation of Responding Party's

27 constitutionally protected right to privacy. Without waiving these specific objections, Responding Party

28 responds as follows:

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff's Responses to Defendant's Special Interrogatories, Set One*

6

1    Erick Garcia Ducut, Kaiser Permanente, Daly City, (650) 742-2000.

2    Eric Joe Edelson, Kaiser Permanente, Daly City, (650) 742-2000.

3    Allyson Leslie Klein, Kaiser Permanente, Daly City, (650) 742-2000.

4    David Andrew Scheid, Kaiser Permanente, Daly City, (650) 742-2000.

5    **SPECIAL INTERROGATORY NO. 6**

6    Please IDENTIFY any and all steps YOU have taken to mitigate any damages YOU have

7    allegedly incurred.

8    **RESPONSE TO SPECIAL INTERROGATORY NO. 6**

9    Responding Party objects to this request on the ground that this interrogatory does not

10   adequately define "IDENTIFY", making it difficult to answer with any specificity. Responding Party

11   assumes IDENTIFY means "state" and therefore provides the following answer on that basis:

12   Plaintiff was employed part-time and full-time from September 2018 until the present.

13   **SPECIAL INTERROGATORY NO. 7**

14   Please IDENTIFY all employment positions for which YOU have applied since August 2018.

15   **RESPONSE TO SPECIAL INTERROGATORY NO. 7**

16   Responding Party objects to this request on the ground that this interrogatory does not

17   adequately define "IDENTIFY", making it difficult to answer with any specificity. Responding Party

18   assumes IDENTIFY means "state" and therefore provides the following answer on that basis:

19   (1) Wheelchair attendant;

20   (2) Warehouse staff; and

21   (3) Lounge attendant.

22   **SPECIAL INTERROGATORY NO. 8**

23   Please IDENTIFY all employment positions YOU have held since August 2018.

24   **RESPONSE TO SPECIAL INTERROGATORY NO. 8**

25   Responding Party objects to this request on the ground that this interrogatory does not

26   adequately define "IDENTIFY", making it difficult to answer with any specificity. Responding Party

27   assumes IDENTIFY means "state" and therefore provides the following answer on that basis:

28   (1) Wheelchair attendant;

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff's Responses to Defendant's Special Interrogatories, Set One*

1     (2) Warehouse staff; and

2     (3) Lounge attendant.

3 **SPECIAL INTERROGATORY NO. 9**

4     For each position identified in YOUR response to Interrogatory No. 8, state (a) the date on

5 which YOU were hired, (b) YOUR job position, (c) YOUR hourly wage, and (d) the date on which

6 YOU were terminated.

7 **RESPONSE TO SPECIAL INTERROGATORY NO. 9**

8     Responding Party objects to this request on the ground that this interrogatory is vague and

9 ambiguous so as to make a response impossible without speculation as to the meaning of the question.

10     (1) September 2018; Wheelchair attendant; On average of $19.00 per hour; September 2019;

11     (2) February 2019 and January 2020 (rehired); Warehouse staff; On average of $19.00 per hour;

12        September 2019 (laid-off);

13     (3) September 2019; Lounge attendant; On average of $19.00 per hour; Not applicable.

14 **SPECIAL INTERROGATORY NO. 10**

15     IDENTIFY each and every DOCUMENT that supports the allegations set forth in the

16 COMPLAINT.

17 **RESPONSE TO SPECIAL INTERROGATORY NO. 10**

18     Responding Party objects to this request on the ground that this interrogatory is overbroad and

19 burdensome because it lacks specificity as to the subject matter being requested. Responding Party also

20 objects on the ground that it seeks information that is in violation of Responding Party's

21 constitutionally protected right to privacy. Responding Party further objects to the extent that this

22 interrogatory seeks or encompasses information protected by the attorney-client privilege and/or

23 attorney work product doctrine. Without waiving these specific objections, Responding Party responds

24 as follows:

25     (1) The petitions made by the fuelers employed by Defendant against Andrew Dodge;

26     (2) Communications between Plaintiff and Defendant's employees relating to complaints against

27        Andrew Dodge;

28     (3) Communications between Plaintiff and Defendant regarding Plaintiff's termination;

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff's Responses to Defendant's Special Interrogatories, Set One*

8

1    (4) Plaintiff's W-2 forms and Earnings Summary of from September 2018 until the present; and

2    (5) Plaintiff's medical records.

3

4  Dated: August 18, 2020                          LIBERATION LAW GROUP, P.C.

5                                          By:

6                                          _____

7                                               Arlo Garcia Uriarte
                                                 Attorneys for Plaintiff
8

9                                  [Verification to Follow]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff's Responses to Defendant's Special Interrogatories, Set One*

9