Arlo Garcia Uriarte, SBN 231764
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for Plaintiff
**RENALDO NAVARRO**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENALDO NAVARRO,<br><br>    Plaintiff,<br><br>    v.<br><br>MENZIES AVIATION INC., doing business as MENZIES; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 3:19-CV-08157-VC<br><br>**PLAINTIFF RENALDO NAVARRO'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MENZIES AVIATION, INC., SET ONE** |

PROPOUNDING PARTY:   Plaintiff RENALDO NAVARRO

RESPONDING PARTY:    Defendant MENZIES AVIATION, INC.

SET NO.:             ONE

   Plaintiff Renaldo Navarro, in accordance with Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Defendant Menzies Aviation, Inc. respond to the following Request for Production of Documents, Set One, not more than thirty (30) days after service of these Request and to produce the originals of the responsive documents, and permit the inspection and copying thereof at the office of Liberation Law Group, P.C., at 2760 Mission Street, San Francisco, California, 94110.

---

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff Renaldo Navarro's Request for Production of Documents to Defendant Menzies Aviation, Inc., Set One*

1

## INSTRUCTIONS

1. <u>Documents Requested</u>. The requests set out herein call for all documents in DEFENDANT'S actual or constructive possession, custody, control or care, including, but not limited to those documents in the actual or constructive possession, custody, control or care of any attorney, agent or other representative of DEFENDANT.

If DEFENDANT subsequently becomes aware of any document called for by the requests set out herein, DEFENDANT is requested to provide a copy of that document to PLAINTIFF or to identify it if it is in the possession of DEFENDANT or its attorneys.

2. <u>Documents Withheld</u>. If any document is withheld under a claim of privilege or other protection, DEFENDANT is to provide the following information, for the purpose of aiding the Court to determine the validity of the claim of privilege:

   a. The identity of the person(s) who prepared the document, who signed the document, and/or over whose name the document was sent or issued;

   b. The identity of the person(s) to whom the document was directed;

   c. The nature and substance of the document (with sufficient particularity to enable the Court and parties hereto to identify the document):

   d. The date of the document;

   e. The identity of the person who has custody of, or control over the document and each copy thereof;

   f. The identity of each person to whom copies of the document were furnished;

   g. The number of pages of the document;

   h. The basis on which any privilege or other protection is claimed; and

   i. Whether any non-privilege matter is included in the document.

3. <u>Partial Production</u>. If you object to a particular Request, or portion thereof, you must produce all documents called for which are not subject to that objection. Similarly, whenever a document is not produced in full for some other reason, state with particularity the reason(s) it is not being produced in full, and describe, to the best of your knowledge,

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff Renaldo Navarro's Request for Production of Documents to Defendant Menzies Aviation, Inc., Set One*

2

information and belief, and with as much particularity as possible, those portions of the document which are not produced.

## DEFINITIONS

1. "RELEVANT PERIOD" shall refer to the past five (5) years until PLAINTIFF's termination of employment in or around August 29, 2018.

2. "COMMUNICATIONS" includes all forms of communication through letters, memoranda, correspondence, telephone conversations, electronic mail (email) messages in their original and unaltered form, voice mail messages, instant messaging or IM, short message service (SMS) or text messages, messages from any messaging mobile or computer software application, information stored on web pages or web servers, and database records.

3. "COMPLAINT" shall refer to the complaint filed by Plaintiff Renaldo Navarro against Defendants Menzies Aviation, Inc. doing business as Menzies, and Does 1 through 10, before The Superior Court of California, County of San Francisco docketed as Case No. CGC-19-580227.

4. "DESTRUCTION" shall mean an act that renders the subject useless for its intended purpose, though it does not literally demolish or annihilate it, which includes cancellation, obliterating, shredding, burning, and tearing into fragments; deletion of data stored on tapes, hard disks and other forms of electronic media.

5. "DISCIPLINARY ACTIONS" shall mean any form of warnings, reprimands or suspensions related to non-compliance with the employer's company policies, and work-related performance that fails to satisfactorily meet job requirements as set forth in the relevant job description, work action plan, or as directed by an employee's supervisor.

6. "DISCRIMINATION" shall refer to the unlawful employment practice defined in California Government Code section ("Gov't Code §") 12940 (a).

7. "DOCUMENTS" is defined as writings, recordings or photographs as defined in Rule 1001 of the Federal Rules of Evidence, including the original or a copy of any handwritten, typewritten, printed, photostatic, photographic, computer, magnetic impulse, mechanical or electronically recorded, or any other form of data compilation, and includes "electronically

*Navarro v. Menzies Aviation, Inc.,* Case No. 13-cv-08157-vc
Plaintiff Renaldo Navarro's Request for Production of Documents to Defendant Menzies Aviation, Inc., Set One

3

stored information" as used in Federal Rule of Civil Procedure 34(a). "DOCUMENTS" also includes any and all drafts of, and amendments to, and/or supplements to, any original or copy of DOCUMENTS, including differing copies of DOCUMENTS containing any differences from the original such as handwritten notes, interlineations and the like.)

8. "DOCUMENT RETENTION" shall refer to the storage of DOCUMENTS that are no longer active.

9. "DODGE" shall refer to YOUR employee, Andrew Dodge.

10. "EMPLOYMENT MANUALS" shall include personnel manuals, human resource manuals, employment manuals, employee handbooks, company policies and practices, or other DOCUMENTS related to YOUR employment policies and practices including but not limited to timekeeping policies, payroll policies, off-duty meal and rest period policies, issuance of itemized wage statements, overtime work policies, sick day policies, discrimination policies, harassment policies, retaliation policies, equal employment opportunity policies, disciplinary policies, termination policies and internal complaints procedures.

11. "IDENTIFIED," when used in reference to a natural PERSON, shall mean to state such person's full name, last-known home and business address, last-known business affiliation, employer, and position therewith, and the latest date that such information was true, to YOUR knowledge; when used in reference to a business, firm, partnership, joint venture, company or corporation, shall mean to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products; when referring to a lawsuit or other legal proceeding, shall mean to state the court of jurisdiction, venue, case number, case title, attorneys of record, and filing date; when used in reference to DOCUMENTS , shall mean to describe specifically the document, including a description of its type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee, title, file identification number or symbol, and to identify the present location and the name and address of the present custodian of such document. If any such DOCUMENTS is no longer in YOUR possession or subject to YOUR control, state what disposition was made of it and the date of such disposition, identifying the PERSON having knowledge of its content.

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
Plaintiff Renaldo Navarro's Request for Production of Documents to Defendant Menzies Aviation, Inc., Set One

4

12. "INVESTIGATION" shall mean to include the facts relating to the receipt/intake of complaints by any of YOUR employees, YOUR efforts to investigate the complaints, any findings or determination made by YOU with respect to the complaints and actions taken by YOU in response to YOUR findings or determinations.

13. "PERSONS" shall refer to the plural as well as the singular, means any natural person, firm, association, partnership, corporation, public entity, or any other form of legal entity or governmental body unless the context indicates otherwise.

14. "PERSONNEL FILE" shall include any file, collection of DOCUMENTS or other forms in which information is stored concerning an employee, and includes all such collections of DOCUMENTS regardless of the names given them by DEFENDANT which include information on the work history, job titles, job descriptions, job duties and responsibilities, employee status change forms, promotions, demotions, transfers, corrective actions, disciplinary actions, termination; wage or benefit increases granted; investigations; job performance evaluations, performance evaluation plans; labor files, attendance records or calendars, records of sick leave, leaves of absence and vacation leaves; complaints, charges or grievances; notes during meetings; trainings and seminars attended, and correspondences including emails and text messages.

15. "PLAINTIFF" shall refer to Plaintiff Renaldo Navarro.

16. "RETALIATION" shall refer to the unlawful employment practice defined in Gov't Code §12940 (h).

17. "WORKDAY" shall mean any consecutive 24 hours beginning at the same time each calendar day.)

18. "YOU" and "YOUR" refer to Defendant Menzies Aviation, Inc. and/or to any past or present officers, directors, employees and/or agents of said-named entity, and/or all of its divisions, subsidiaries, affiliated or related or predecessor companies.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1.**

PLAINTIFF's PERSONNEL FILE.

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff Renaldo Navarro's Request for Production of Documents to Defendant Menzies Aviation, Inc., Set One*

5

**REQUEST FOR PRODUCTION NO. 2.**

All of YOUR EMPLOYMENT MANUALS applicable to PLAINTIFF during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 3.**

All written contracts between YOU and PLAINTIFF regarding his employment with YOU.

**REQUEST FOR PRODUCTION NO. 4.**

All DOCUMENTS related to PLAINTIFF's job duties and responsibilities during his employment with YOU.

**REQUEST FOR PRODUCTION NO. 5.**

All DOCUMENTS related to the identity of PLAINTIFF's supervisors, including their names, telephone numbers and addresses, during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 6.**

All DOCUMENTS related to YOUR policies, procedures and/or practices regarding DISCRIMINATION applicable during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 7.**

All DOCUMENTS related to YOUR policies, procedures and/or practices regarding RETALIATION applicable during PLAINTIFF's employment with YOU.

**REQUEST FOR PRODUCTION NO. 8.**

All DOCUMENTS related to trainings, seminars and/or workshops that were attended by YOUR employees, regarding DISCRIMINATION during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 9.**

All DOCUMENTS related to YOUR policies, procedures and/or practices regarding the suspension of YOUR employees' employment during the RELEVANT PERIOD.

//

**REQUEST FOR PRODUCTION NO. 10.**

All DOCUMENTS related to all DISCIPLINARY ACTIONS taken by YOU against PLAINTIFF during his employment with YOU.

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff Renaldo Navarro's Request for Production of Documents to Defendant Menzies Aviation, Inc., Set One*

6

**REQUEST FOR PRODUCTION NO. 11.**

All DOCUMENTS, including reports made by YOU, related to all DISCIPLINARY ACTIONS, complaints, accusations, and charges against PLAINTIFF during his employment with YOU.

**REQUEST FOR PRODUCTION NO. 12.**

All DOCUMENTS related to YOUR Code of Conduct that applied to PLAINTIFF during his employment with YOU.

**REQUEST FOR PRODUCTION NO. 13.**

All DOCUMENTS related to YOUR suspension of PLAINTIFF's employment in or around August 23, 2018.

**REQUEST FOR PRODUCTION NO. 14.**

All DOCUMENTS related to PLAINTIFF's complaints to YOU regarding his employment with YOU.

**REQUEST FOR PRODUCTION NO. 15.**

All DOCUMENTS related to complaints made to YOU by any of YOUR former or present employees regarding DISCRIMINATION during PLAINTIFF's employment with YOU.

**REQUEST FOR PRODUCTION NO. 16.**

All DOCUMENTS that state YOUR policy on imposing DISCIPLINARY ACTIONS on YOUR employees for signing a petition to make a complaint during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 17.**

All DOCUMENTS that state DODGE's tasks in a WORKDAY during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 18.**

All DOCUMENTS related to YOUR policies, procedures and/or practices on imposing DISCIPLINARY ACTIONS whenever YOUR swing supervisors did not perform their respective job duties during the RELEVANT PERIOD.

*Navarro v. Menzies Aviation, Inc.*, Case No. 13-cv-08157-vc
Plaintiff Renaldo Navarro's Request for Production of Documents to Defendant Menzies Aviation, Inc., Set One

7

**REQUEST FOR PRODUCTION NO. 19.**

All DOCUMENTS related to complaints made to YOU by any of YOUR former or present employees, including PLAINTIFF, against DODGE.

**REQUEST FOR PRODUCTION NO. 20.**

All DOCUMENTS related to the INVESTIGATION YOU conducted following the complaints made to YOU by any of YOUR former or present employees, including PLAINTIFF, against DODGE.

**REQUEST FOR PRODUCTION NO. 21.**

All DOCUMENTS related to all petitions filed by YOUR employees against DODGE regarding his supervision over YOUR employees, including PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 22.**

All DOCUMENTS related to DISCIPLINARY ACTIONS, charges, and lawsuits of any kind against DODGE.

**REQUEST FOR PRODUCTION NO. 23.**

All DOCUMENTS related to YOUR policies, procedures and/or practices regarding the termination of YOUR employees' employment during the RELEVANT PERIOD.

**REQUEST FOR PRODUCTION NO. 24.**

All DOCUMENTS, related to YOUR termination of PLAINTIFF's employment in or around August 29, 2018.

**REQUEST FOR PRODUCTION NO. 25.**

All DOCUMENTS related to COMMUNICATIONS between YOU and PLAINTIFF regarding PLAINTIFF's employment with YOU, including PLAINTIFF's termination of employment.

**REQUEST FOR PRODUCTION NO. 26.**

All DOCUMENTS related to meetings and/or discussions between YOU and any of YOUR current or former employee concerning PLAINTIFF's employment with YOU.

//

//

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff Renaldo Navarro's Request for Production of Documents to Defendant Menzies Aviation, Inc., Set One*

8

**REQUEST FOR PRODUCTION NO. 27.**

All DOCUMENTS related to any oral, written, or recorded statements or reports from any PERSONS related to any of the allegations in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 28.**

All DOCUMENTS stored on YOUR personal or office computers, laptops, cellphones, hard drives, flash drives, and other similar storage devices, that are related to any of the allegations in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 29.**

All DOCUMENTS related to any COMMUNICATIONS between YOU and anyone other than YOUR attorney regarding the claims and allegations contained in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 30.**

All DOCUMENTS related to YOUR DOCUMENT RETENTION policies during the RELEVANT PERIOD.

Dated: July 14, 2020                              LIBERATION LAW GROUP, P.C.

By: _____
    Arlo Garcia Uriarte
    Attorneys for Plaintiff

*Navarro v. Menzies Aviation, Inc., Case No. 13-cv-08157-vc*
*Plaintiff Renaldo Navarro's Request for Production of Documents to Defendant Menzies Aviation, Inc., Set One*

9