1   Arlo Garcia Uriarte, SBN 231764
2   LIBERATION LAW GROUP, P.C.
    2760 Mission Street
3   San Francisco, CA 94110
    Telephone: (415) 695-1000
4   Facsimile: (415) 695-1006
5   Attorneys for Plaintiff
6   **RENALDO NAVARRO**

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10   RENALDO NAVARRO, | Case No.:   3:19-CV-08157-VC |
| 11              Plaintiff, | **PLAINTIFF RENALDO** |
| 12         v. | **NAVARRO'S INTERROGATORIES TO DEFENDANT MENZIES** |
| 13   MENZIES AVIATION INC., doing business | **AVIATION, INC.,** |
| 14   as MENZIES and DOES 1 through 10, inclusive, | **SET ONE** |
| 15 | |
| 16              Defendants. | |

17

18   PROPOUNDING PARTY:    Plaintiff RENALDO NAVARRO

19   RESPONDING PARTY:    Defendant MENZIES AVIATION, INC.

20   SET NO.:                      ONE

21       Plaintiff Renaldo Navarro hereby requests that Defendant Menzies Aviation, Inc.

22   respond to each of the following interrogatories set forth below under oath and within thirty (30)

23   days of service, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

24   ///

25   ///

26   ///

27   ///

28   ///

_____

*Navarro v. Menzies Aviation, Inc., Case No.  3:19-CV-08157-VC*
*Plaintiff Renaldo Navarro's Interrogatories to Defendant Menzies Aviation, Inc., Set One*

1

**INTERROGATORIES**

**INTERROGATORY NO. 1.**

State all of PLAINTIFF's job titles during his employment with YOU.

(As used in this Interrogatory, the following words, when used in all capitals, shall have the following meanings:

"PLAINTIFF" shall refer to Plaintiff Renaldo Navarro.

"YOU" and "YOUR" refer to Defendant Menzies Aviation, Inc., and/or to any of its past or present officers, directors, employees and/or agents, and/or all of its divisions, subsidiaries, affiliated or related or predecessor companies.)

**INTERROGATORY NO. 2.**

State all of PLAINTIFF's job duties during the RELEVANT PERIOD.

(As used in this Interrogatory, the following word, when used in all capitals, shall have the following meaning:

"RELEVANT PERIOD" shall refer to the past five (5) years until PLAINTIFF's termination of employment in or around August 29, 2018.)

**INTERROGATORY NO. 3.**

IDENTIFY PLAINTIFF's supervisors during the RELEVANT PERIOD.

(As used in this Interrogatory, the following word, when used in all capitals, shall have the following meaning:

"IDENTIFY," when used in reference to a natural PERSON, shall mean to state such person's full name, last-known home and business address, last-known business affiliation, employer, and position therewith, and the latest date that such information was true, to YOUR knowledge; when used in reference to a business, firm, partnership, joint venture, company or corporation, shall mean to state, to the extent known, its full name, state of incorporation or creation, address of its principal place of business, and its principal activities or products; when referring to a lawsuit or other legal proceeding, shall mean to state the court of jurisdiction, venue, case number, case title, attorneys of record, and filing date; when used in reference to DOCUMENTS , shall mean to describe specifically the document, including a description of its

---

*Navarro v. Menzies Aviation, Inc., Case No.  3:19-CV-08157-VC*
*Plaintiff Renaldo Navarro's Interrogatories to Defendant Menzies Aviation, Inc., Set One*

2

1  type (e.g., letter, memorandum, telegram, chart, etc.), and to state its date, author, addressee,

2  title, file identification number or symbol, and to identify the present location and the name and

3  address of the present custodian of such document.  If any such DOCUMENTS is no longer in

4  YOUR possession or subject to YOUR control, state what disposition was made of it and the

5  date of such disposition, identifying the PERSON having knowledge of its content.)

6  **INTERROGATORY NO. 4.**

7      IDENTIFY YOUR supervisors who worked the swing shifts before PLAINTIFF's shift

8  during the RELEVANT PERIOD.

9  **INTERROGATORY NO. 5.**

10      State the job duties of YOUR supervisors who worked the swing shifts before

11  PLAINTIFF's shift during the RELEVANT PERIOD.

12  **INTERROGATORY NO. 6.**

13      State YOUR policy on DISCIPLINARY ACTIONS during the RELEVANT PERIOD

14  whenever YOUR swing supervisors did not perform their respective job duties.

15      "DISCIPLINARY ACTIONS" shall mean any form of warnings, reprimands or

16  suspensions related to non-compliance with the employer's company policies, and work-related

17  performance that fails to satisfactorily meet job requirements as set forth in the relevant job

18  description, work action plan, or as directed by an employee's supervisor.)

19  **INTERROGATORY NO. 7.**

20      State DODGE's tasks in a WORKDAY during the RELEVANT PERIOD.

21      (As used in this Interrogatory, the following words, when used in all capitals, shall have

22  the following meanings:

23      "DODGE" shall refer to YOUR employee, Andrew Dodge.)

24  **INTERROGATORY NO. 8.**

25      State all complaints that PLAINTIFF made to YOU regarding DODGE during the

26  RELEVANT PERIOD.

27  **INTERROGATORY NO. 9.**

28      IDENTIFY all PERSONS who have knowledge of the complaints that PLAINTIFF

*Navarro v. Menzies Aviation, Inc., Case No.  3:19-CV-08157-VC*
*Plaintiff Renaldo Navarro's Interrogatories to Defendant Menzies Aviation, Inc., Set One*

3

1   made to YOU regarding DODGE during the RELEVANT PERIOD.

2           (As used in this Interrogatory, the following word, when used in all capitals, shall have

3   the following meaning:

4           "PERSON(S)" means any natural person, together with all federal, state, county,

5   municipal and other government units, agencies or public bodies, as well as firms, companies,

6   corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural

7   persons or other associations or entities separately identifiable whether or not such associations

8   or entities have a separate legal existence in their own right.)

9   **INTERROGATORY NO. 10.**

10          State all facts regarding each INVESTIGATION related to PLAINTIFF's complaints to

11  YOU regarding DODGE's work during the RELEVANT PERIOD.

12          (As used in this Interrogatory, the following word, when used in all capitals, shall have

13  the following meaning:

14          "INVESTIGATION" shall mean to include the facts relating to the receipt/intake of

15  complaints by any of YOUR employees, YOUR efforts to investigate the complaints, any

16  findings or determination made by YOU with respect to the complaints and actions taken by

17  YOU in response to YOUR findings or determinations.)

18  **INTERROGATORY NO. 11.**

19          IDENTIFY all PERSONS who have knowledge of the facts regarding each

20  INVESTIGATION related to PLAINTIFF's complaints to YOU regarding DODGE's work

21  during the RELEVANT PERIOD.

22  **INTERROGATORY NO. 12.**

23          State all complaints made to YOU by any of your present or former employees about

24  DODGE's work during the RELEVANT PERIOD.

25  **INTERROGATORY NO. 13.**

26          IDENTIFY all PERSONS who have knowledge of the complaints made to YOU by any

27  of your present or former employees about DODGE's work during the RELEVANT PERIOD.

28  //

---

*Navarro v. Menzies Aviation, Inc., Case No.  3:19-CV-08157-VC*
*Plaintiff Renaldo Navarro's Interrogatories to Defendant Menzies Aviation, Inc., Set One*

**INTERROGATORY NO. 14.**

State all facts regarding each INVESTIGATION YOU conducted related to the complaints made to YOU by any of your present or former employees about DODGE's work during the RELEVANT PERIOD.

**INTERROGATORY NO. 15.**

IDENTIFY all PERSONS who have knowledge of the facts regarding each INVESTIGATION YOU conducted related to the complaints made to YOU by any of your present or former employees about DODGE's work.

**INTERROGATORY NO. 16.**

State all DISCIPLINARY ACTIONS taken by YOU against DODGE during his employment with YOU.

**INTERROGATORY NO. 17.**

Describe YOUR Code of Conduct that applied to PLAINTIFF during the RELEVANT PERIOD.

**INTERROGATORY NO. 18.**

State YOUR policy on imposing DISCIPLINARY ACTIONS on YOUR employees for signing a petition to make a complaint during the RELEVANT PERIOD.

**INTERROGATORY NO. 19.**

State YOUR policy on suspension of employment during the RELEVANT PERIOD.

**INTERROGATORY NO. 20.**

State YOUR basis for suspending PLAINTIFF's employment in or around August 23, 2018.

**INTERROGATORY NO. 21.**

IDENTIFY all individuals involved in the determination to suspend PLAINTIFF.

**INTERROGATORY NO. 22.**

State YOUR policy on termination of employment during the RELEVANT PERIOD.

**INTERROGATORY NO. 23.**

IDENTIFY all individuals involved in the determination to terminate PLAINTIFF.

*Navarro v. Menzies Aviation, Inc., Case No.  3:19-CV-08157-VC*
*Plaintiff Renaldo Navarro's Interrogatories to Defendant Menzies Aviation, Inc., Set One*

5

**INTERROGATORY NO. 24.**

State the specific violation in the Code of Conduct that was YOUR reason for terminating PLAINTIFF's employment.

**INTERROGATORY NO. 25.**

List all DOCUMENTS related to PLAINTIFF that YOU DESTROYED.

(As used in this Interrogatory, the following word, when used in all capitals, shall have the following meaning:

"DESTROYED" shall mean an act that renders the subject useless for its intended purpose, though it does not literally demolish or annihilate it, which includes cancellation, obliterating, shredding, burning, and tearing into fragments; deletion of data stored on tapes, hard disks and other forms of electronic media.)

Dated: July 14, 2020                    LIBERATION LAW GROUP, P.C.


By: _____
        Arlo Garcia Uriarte
        Attorneys for Plaintiff

_____

*Navarro v. Menzies Aviation, Inc., Case No.  3:19-CV-08157-VC*
*Plaintiff Renaldo Navarro's Interrogatories to Defendant Menzies Aviation, Inc., Set One*

6