1  ARLO GARCIA URIARTE (SBN: 231764)
   ELIZABETH LYONS (SBN: 327742)
2  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
3  San Francisco, CA 94110
   Telephone: (415) 695-1000
4  Facsimile:  (415) 695-1006
   Email: arlo@liberationlawgroup.com
5          elizabeth@liberationlawgroup.com

6
   Attorneys for Plaintiff
7  **RENALDO NAVARRO**

8  CHRISTOPHER WARD, CA Bar No. 238777
   SARA ALEXIS LEVINE ABARBANEL, CA Bar No. 324045
9  FOLEY & LARDNER LLP
   555 South Flower Street, Suite 3300
10 Los Angeles, CA  90071
   Telephone:     (213)972-4560
11 Facsimile:     (213)486-0065
   Email:     cward@foley.com
12             sabarbanel@foley.com

13 Attorneys for Defendant
   **MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES**
14

15

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

18

| RENALDO NAVARRO, | Case No.: 3:19-CV-08157-VC |
|---|---|
| Plaintiff, | [Honorable Vince Chhabria] |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| MENZIES AVIATION, INC., DOING BUSINESS AS MENZIES; and DOES 1 through 10, inclusive, | Date:  February 3, 2021<br>Time:  2:00 p.m.<br>Courtroom:  04 (via Zoom Conference) |
| Defendants. | State Court Action Filed:  October 23, 2019<br>Action Removed:  December 16, 2019 |

-1-

The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

The Parties agree that this is an action removed to this Court under U.S.C. § 1332 due to diversity of citizenship of the Parties. The Parties do not believe that any personal jurisdiction or venue issues exist at this time. No Parties remain to be served.

2. **FACTS**

Plaintiff alleges that after he complained to Defendant about a Caucasian supervisor, Andrew Dodge, and signed a petition formally complaining about Mr. Dodge, Defendant suspended him for a week and then terminated his employment. Plaintiff alleges that he signed the petition after having complained about Mr. Dodge sleeping on duty, being unreliable about giving rest and meal periods to Fuelers, harassing Filipino Fuelers and being generally unprofessional and unavailable. Plaintiff alleges that Defendant treated Mr. Dodge preferentially based on his race and did not treat Filipinos, including Plaintiff, in a similar manner. Plaintiff further alleges that he, along with other Fuelers, made prior reports of Mr. Dodge treating Filipinos in a hostile and discriminatory manner. However, Defendant took no action to correct or prevent incidents of ongoing discriminatory conduct. After Plaintiff signed the petition, Defendant allegedly asked Plaintiff to write a letter explaining why he signed the petition, which Plaintiff believes was unnecessary because his complaints were on record and the petition spoke for itself. Plaintiff alleges that although he was not the only one to sign the petition, he was the only person suspended for signing the petition, reflecting Defendant's retaliatory intent to terminate Plaintiff for opposing Mr. Dodge's discriminatory treatment of Filipino Fuelers Plaintiff alleges that Defendant discriminated and retaliated by suspending and terminating him. Defendant denies that Plaintiff was terminated because of his race and national origin or in response to any purported protected activity.

As noted in the various materials submitted in connection with Defendant's currently pending Motion for Summary Judgment, Defendant asserts that many of the foregoing

1  allegations were not placed at issue in this case until Plaintiff filed his substantive opposition to
2  the Motion for Summary Judgment, in particular Plaintiff's allegations regarding harassment by
3  Dodge relative to Filipino Fuelers and Plaintiff's alleged complaints about such subject matter.
4  Rather, Defendant contends Plaintiff's only complaints about Dodge and all other complaints
5  about Dodge pertained to operational matters only. Defendant avers that it terminated Plaintiff
6  because it had information from multiple sources indicating that Plaintiff had abused his
7  authority and position as a supervisor to pressure rank-and-file employees to sign a petition
8  against Dodge in violation of the Company's harassment and conduct policies.

9      Plaintiff filed his Complaint in San Francisco County Superior Court on October 22,
10 2019, after receiving a right to sue letter from California Department of Fair Employment and
11 Housing on September 3, 2019. Defendant answered the Complaint and removed the case to this
12 Court on December 16, 2019.

13 3. **LEGAL ISSUES**

14     Plaintiff alleges four causes of action: 1) discrimination in violation of California
15 Government Code section 12940(a); (2) retaliation in violation of California Government Code
16 section 12940(h); (3) wrongful termination against public policy in violation of California Labor
17 Code section 1102.5(a)-(b); and (4) intentional infliction of emotional distress.

18     Defendant denies that Plaintiff was terminated because of his race and national origin or
19 in response to his complaints, and Defendant alleges that Plaintiff's causes of action fail as a
20 matter of law.

21 4. **MOTIONS**

22     On October 15, 2020, Defendant filed a Motion for Summary Judgment. On November 2,
23 2020, Plaintiff filed an Opposition to Defendant's Motion for Summary Judgment. On December
24 17, 2020, a hearing for the Motion for Summary Judgment was held. Pursuant to the Court's
25 January 7, 2021 order, the Parties have now submitted supplemental briefing, with Defendant
26 submitting its brief on January 14, 2021 and Plaintiff submitting his on January 22, 2021. The
   outcome of the hearing is still pending.
27
28

5. **AMENDMENT OF PLEADINGS**

The Parties do not currently anticipate amending their respective pleadings but reserve the right to seek the Court's leave to amend the pleadings so as permitted by the Federal Rules of Civil Procedure. However, as noted below, the deadline to amend the pleadings has passed.

6. **EVIDENCE PRESERVATION**

The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have discussed and taken reasonable steps to preserve electronically stored information and other evidence relevant to the issues reasonably evident in this action.

7. **DISCLOSURES**

The Parties have served their Initial Disclosures on each other.

8. **DISCOVERY**

Fact discovery has closed. Depending on the Court's order regarding the pending summary judgment motion, either party may request reopening of fact discovery. Both Parties have taken depositions.

9. **CLASS ACTIONS**

Not applicable.

10. **RELATED CASES**

Not applicable.

11. **RELIEF**

Plaintiff seeks relief in the form of compensatory, consequential, statutory, punitive, and emotional distress damages. Plaintiff requests any such other relieve as the Court may deem just and proper.

12. **SETTLEMENT AND ADR**

The Parties have met and conferred in compliance with ADR Local Rule 3-5 and have agreed to private mediation. Private mediation took place on August 27, 2020. The Parties did not reach a settlement. The Parties will continue to make a good faith effort in settlement

negotiations. The Parties do not believe any motions are necessary to facilitate settlement process selection.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant has declined to consent to proceed before a Magistrate Judge for all purposes.

14. **OTHER REFERENCES**

The Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation. The Parties have agreed to private mediation. Private mediation took place on August 27, 2020.

15. **NARROWING OF ISSUES**

The Parties do not believe that it is possible to narrow the issues at this time but will consider such opportunities to do so as the case develops, and trial nears.

16. **EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

17. **SCHEDULING**

ADR Proceedings: The Parties attended a private mediation with Michael Loeb on August 27, 2020. It was not successful..

Amendment of Pleadings: The deadline to amend pleadings has passed.

Further Case Management Conference: A Case Management Conference is schedule for February 3, 2021 at 2:00 PM.

Fact Discovery: Fact discovery has closed. Depending on the Court's order regarding the pending summary judgment motion, either party may request reopening of fact discovery.

Expert Designation and Discovery: Expert discovery closed on October 30, 2020, unless it is extended by the Court to mirror the other extensions that have been issued in this case.

Preliminary Pretrial Conference. The previously set pre-trial conference has been vacated by the Court.

Witness Lists. The parties shall serve preliminary witness lists no later than seven (7) days prior to the filing of the Joint Preliminary Pretrial Conference Statement. The parties shall

serve final witness lists seven (7) calendar days after the close of fact discovery. The parties have the right to depose any person identified on the final witness list that was not on the preliminary witness list within twenty-one (21) calendar days of the date the final witness list was served.

18. **TRIAL**

If tried, the case will be a jury trial. The Parties anticipate the trial can be completed in five standard court days. Plaintiff recommends setting of trial in June 2021.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On December 16, 2019, Defendant filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. The Certification states that other than the named parties, there are no other interested entities or persons of which the Parties are aware.

20. **PROFESSIONAL CONDUCT**

Attorneys for all Parities have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **OTHER MATTERS**

None at this time. Pending the Court's summary judgment order, the parties will proceed accordingly.

Dated:  January 25, 2020                                LIBERATION LAW GROUP, P.C.

                                                        By:     /s/ Arlo Uriarte
                                                                Arlo Garcia Uriarte
                                                                Attorneys for Plaintiffs

Dated:  January 25, 2020                                FOLEY & LARDNER LLP

                                                        By:     /s/ Christopher Ward
                                                                Christopher Ward
                                                                Sara Alexis Levine Abarbanel
                                                                Attorneys for Defendants